338 So.2d 210 (1976)
In re ESTATE of Bernard J. HERSKOWITZ, Deceased.
Marvin J. HERSKOWITZ, As Executor of the Estate of Bernard J. Herskowitz and As Trustee under His Will, Appellant,
v.
Samuel S. SMITH, Guardian Ad Litem of Robert Herskowitz and Mark Herskowitz, Minor Children of the Decedent, et al., Appellees.
No. 75-1380.
District Court of Appeal of Florida, Third District.
May 25, 1976.
Rehearing Denied October 6, 1976.
*211 Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Simon, Hays & Grundwerg, Miami, for appellant.
Samuel S. Smith, Miami Beach, Richard Mandell, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, executor and testamentary trustee, appeals an order directing partial distribution to the testamentary trust and commencement of support payments to the beneficiaries.
In 1974 Bernard Herskowitz left an estate in excess of $500,000 willed to a testamentary trust for the benefit of his minor children Robert and Mark. The will named Bernard's brother, Marvin, executor of the estate and trustee and waived any requirement for him to qualify as trustee pursuant to Fla. Stat. Chapter 737. Upon Bernard's demise, his former wife and mother of Robert and Mark, Judy Herskowitz, moved into Bernard's residence and was appointed guardian over the boys' person. The will was admitted to probate and Sam Smith, Esq. was appointed guardian ad litem of the boys. After the full family allowance of $4,200 was expended, Smith filed a petition asking the probate court to require qualification of the trustee and/or funding of the trust to require the trustee to make reasonable support payments for the boys on the ground that the trust is a support trust necessitating the payment of such funds by the trustee. Marvin filed objections alleging that Bernard's will grants sole and absolute discretion in him as trustee for the payment of trust funds and this exercise of discretion is beyond the jurisdiction of the court. On *212 final hearing the court found that (1) the decedent's will manifests an intention to create a support trust for the two boys; (2) the estate is liquid and sufficient to pay all costs of administration and creditors; (3) Marvin's refusal to make support payments constitutes arbitrary and capricious conduct and "nothing more than a strategical ploy to wear down the guardian of the persons and natural mother.". Thereupon, Marvin as executor and trustee was ordered to make a sufficient monetary partial distribution to himself as trustee and then to commence paying $323 monthly support payments for the use of the boys, to assume the mortgage payments on the residence and to make a $500 deposit towards possible medical necessities. These payments were to be temporary and subject to review.
Marvin basically contends the court lacked jurisdiction to require him, as executor, to make a partial monetary distribution from the estate to the trust and then require him, as trustee, to make support payments where the trust had not come into being, was not funded and was not registered or had come into being under Florida law [Florida Statutes Chapter 737]. We cannot agree.
First, we find that the registration provision of § 737.101 is not mandatory and, thus, it is not necessary that the testamentary trust be registered for the probate court to acquire jurisdiction over it. In addition, we note that the will specifically waives the requirements in Chapter 737. Second, § 737.201, Fla. Stat., F.S.A. gives the court jurisdiction to determine trust matters such as questions of the construction of trust instruments [§ 737.201(1)(c), Fla. Stat.]. The guardian ad litem requested that the court determine the nature of the trust and this matter was well within the jurisdiction of the court to decide. Third, by filing a notice of intention of service as trustee and objections to the petition for partial distribution and by appearing[1] at the final hearing, Marvin submitted himself to the jurisdiction of the court. As to the argument that the trust had not come into being, we find to the contrary. It is well established that to constitute a valid trust there must be indication of an intention to create a trust, property to which the trust may and does pertain and a certain and ascertained object. See 33 Fla.Jur. Trusts § 10-22 (1960) and Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917). There is no question that a valid trust with an identifiable corpus has been established in the instant case especially in view of the finding that the estate is liquid and sufficient to pay all costs of administration, creditors and taxes. We also considered Marvin's contention that the record is devoid of any bases upon which the court determined the amount of support payments and find it lacking in merit. In conclusion, we hold that the court, upon finding Marvin's conduct was capricious and arbitrary, properly exercised its powers pursuant to § 737.201, Fla. Stat.
Affirmed.
NOTES
[1] through counsel