361 So.2d 757 (1978)
BANK OF WESSINGTON and Arnold Domke, Appellants,
v.
WINTERS GOVERNMENT SECURITIES CORPORATION, a Florida Corporation, Appellee.
No. 77-1635.
District Court of Appeal of Florida, Fourth District.
June 28, 1978.
Rehearings Denied September 8, 1978.
*758 John B. DiChiara of DiGiulian, Spellacy & Bernstein, Fort Lauderdale, for appellants.
Norman E. Marcus of Law Offices of Gerald Beyer, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellee filed an amended complaint against appellants seeking damages for fraud, breach of contract and for violation of the Florida Securities Law. Appellants' motion to quash service of process obtained via Section 48.193, Florida Statutes (1975), and their motion to dismiss were denied and this interlocutory appeal ensued.
Appellee described itself in its brief as a duly registered broker dealer with the Florida Department of Banking and Finance, Division of Securities, dealing exclusively in U.S. Government Securities. Appellant corporation is a South Dakota bank located in Wessington, South Dakota; the individual appellant is the president of said bank.
Appellee's complaint alleged in pertinent part that commencing on or about November 15, 1976, and continuing over a period of approximately two months, appellee and appellant Domke, as agent for appellant Bank, engaged in approximately ten separate oral transactions involving the purchase and sale of Government National Mortgage Association Contracts; appellants repudiated the last three transactions agreed upon in December and early January 1977 causing appellee to sustain substantial losses. Therefore, appellee charged appellants with breach of express contract, breach of implied warranty, fraud and securities law violations.
Appellants filed a motion to quash service of process under the Florida long arm statute and supported that motion with the affidavit of Domke, President of appellant bank, and the deposition of one of appellee's officers which showed that any money due from appellants to appellee was to be paid to appellee at the Midland Marine Bank of New York. Domke's affidavit stated that neither the Bank or Domke ever did business in Florida; the Bank had no agent authorized to do business in Florida; it neither had any offices nor held any meetings in Florida; it made no purchases or sales in Florida; it derived no economic benefit from any transactions in Florida; specifically it denied that the Bank ever agreed to purchase or sell any securities by *759 or through appellee and that Domke repeatedly had refused all offers by appellee to purchase and sell government securities.
In response to the appellant's unambiguous denial of all the allegations of the complaint demonstrating jurisdiction, appellee filed two affidavits. In an affidavit by appellee's salesman it is stated (just as unambiguously as the facts in Domke's affidavit) that he had negotiated with Domke on behalf of the Bank over the stated period of time; during a two month period the Bank entered in ten separate oral contracts to buy and sell Government National Mortgage Association Future Contracts. Attached to said affidavit was a list of said contracts, the dates and amounts thereof.
After a hearing, the trial court denied appellants' motion to quash service, holding that the evidence presented showed jurisdiction pursuant to Section 48.193(1)(a) and (1)(g), Florida Statutes (1975).
We think the trial court erred in finding jurisdiction under Section 48.193(1)(g) based upon the proof adduced. Section (1)(g) of the referenced statute paraphrased provides that any person, whether a resident or not, who breaches a contract in this State by failing to perform acts required by the contract to be performed in this State, thereby submits himself to the jurisdiction of the courts of this State. Viewing the proof adduced most favorably to the trial court's decision reveals that an oral contract was made on the telephone between appellee in Fort Lauderdale and the appellant Bank in South Dakota for the purchase and sale of securities. Any payments later made by appellant Bank were to be made to Midland Marine Bank of New York. Appellee showed nothing that appellants were to do in this State. The only contracts shown with this state are a phone call and an oral agreement as a result thereof. However, no performance was required of appellants in this State. Comparing the proof with Section (1)(g) of the statute, we find proof of a breach of contract, but not a breach of a contract in this state by failing to perform acts required by the contract to be performed in this state. Thus, if jurisdiction were based solely upon 48.193(1)(g), we would reverse the order under consideration. However, the trial court's finding that jurisdiction attaches by virtue of Section 48.193(1)(a), is supported by the proof.
We are fully cognizant that Florida's long arm statute is of the type that requires more activities or contacts to sustain service of process than are currently required by decisions of the Supreme Court of the United States[1]; long arm statutes are to be strictly construed; the person invoking jurisdiction under such statutes has the burden of proving facts which clearly justify the use of this method of service of process.[2] However, we believe the language used by the Supreme Court of Florida in Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561 (Fla. 1975), authorizes the finding of jurisdiction under Section 48.193(1)(a), Florida Statutes, in the case at hand.[3]
Paraphrasing the pertinent part of Section 48.193(1)(a), it provides that any person, whether a resident or non-resident, who engages in a business venture in this State thereby submits himself to the jurisdiction of the courts of this state. In Dinsmore, supra, the Supreme Court held:
"In order to determine whether jurisdiction can be acquired over the non-resident defendants pursuant to Fla. Stat. § 48.191(1), it is necessary to determine whether the individual or corporate defendant, was carrying on a business or business venture in this State. The activities of the person sought to be served *760 pursuant to Fla. Stat. § 48.181(1) must be considered collectively and show a general course of business activity in the State for pecuniary benefit. DeVaney v. Rumsch, 228 So.2d 904 (Fla. 1969). A non-resident defendant, which engages the services of brokers, jobbers, wholesalers or distributors, can be doing business in this State pursuant to Fla. Stat. § 48.181(1) if the nonresident defendant, through brokers, jobbers, wholesalers or distributors was engaged in a course of conduct in Florida for the purpose of realizing a pecuniary benefit." Id. at 564.[4]
A review of the collective activities alleged and proven clearly shows that appellants were engaged in "a general course of business activity in the State for pecuniary benefit." That seems to be sufficient as Dinsmore leaves no question that there need be no local office nor agent, no lease, no meeting, no presence of corporate offices in Florida to warrant a finding of engagement in a business venture. Thus, we believe the trial court was correct in denying the motion to quash as to the appellant Bank.
The proof to support jurisdiction over Domke is another question. We think it is insufficient. Although appellee's complaint may adequately plead a cause of action against Domke individually, the proof of jurisdiction is lacking. In support of the motion to quash service of process Domke's affidavit stated that "he [had] never entered into any contracts, agreed to any sales, purchases or any other transaction of any kind whatsoever" with appellee. Neither of the two affidavits filed by appellee in opposition to Domke's affidavit support the allegations of the complaint vis-a-vis Domke's individual liability. Thus, appellee failed to adequately follow the procedural requirements set forth in Elmex, supra and therefore failed to carry its burden of showing the applicability of the statute to acquire jurisdiction over Domke.
Appellants' motion to dismiss for failure to state a cause of action was directed to Counts IV and V of the complaint, alleging fraud and securities law violations. We find no error in the court's ruling as regards said counts. Alechman v. Edwards, 56 So.2d 327 (Fla. 1952); Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42 (Fla. 3rd DCA 1970); Section 517.301, Florida Statutes (1975).
In view of the foregoing, that part of the Order dealing with the Motion to Dismiss is affirmed and that part of the Order dealing with the Motion to Quash is affirmed as to appellant Bank of Wessington and reversed as to appellant Domke.
AFFIRMED IN PART; REVERSED IN PART.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA 1973).
[2] The Elmex Corporation v. Atlantic Federal Savings & Loan Association of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).
[3] See also Electro Engineering Products Co. Inc. v. Lewis, 352 So.2d 862 (Fla. 1977); Gonas, Florida's Long Arm Statutes: Federal Versus State Construction, 52 Fla.B.J. 292 (1975).
[4] The reference to Section 48.191(1) is erroneous; the citation should be to Section 48.181(1).

Section 48.181(1), Florida Statutes (1971) and Section 48.193(1)(a), Florida Statutes (1975) have the same language, "operate, conduct, engage in, or carry on a business or business venture in this state." Therefore, interpretation of the language in Section 48.181(1), Florida Statutes (1971) likewise would be applicable to Section 48.193(1)(a), Florida Statutes (1975).