GLICKSTEIN, Judge.
This is an appeal from the trial court’s order denying the nonresident appellants’ motion to quash service for lack of personal jurisdiction. We affirm.
We start with the following premise recited in Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561, 567 (Fla.1975):
A long-arm statute is unconstitutional unless it is interpreted in a manner that requires a showing of minimal contacts sufficient to meet due process requirements. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contacts referred to are the minimum contacts of the nonresident defendant to the state wherein the plaintiff brings the action.
The long-arm statute in this case is section 48.181, Florida Statutes (1979), which provides for service on nonresidents who “operate, conduct, engage in, or carry on a business or business venture in the state .... ” In considering whether the nonresident appellants are subject to that statute, the first inquiry is whether the complaint against them alleged a short and plain statement of ultimate facts, pursuant to Florida Rule of Civil Procedure 1.110(b), showing appellee was entitled to relief. In essence, the complaint alleged appellants, pursuant to a written agreement dated June 1, 1979, purchased and sold commodities through and to their broker (appellee) in Florida; that appellee was a Michigan corporation authorized to do business in Florida, with offices at 6451 North Federal Highway in Fort Lauderdale; that, in March of 1980, appellants failed to keep their account above 13% of the market value of all properties in their account as required by their written agreement; and that, as a result of their failure, appellee liquidated the account two months later at a loss to appellee of $35,645.07. We believe the trial judge legitimately could conclude, as a matter of law, that such allegations presented sufficient ultimate facts to come within the above-quoted portion of the long-arm statute.[1] Nevertheless, appellants filed various joined motions that included the motion to quash service for lack of personal jurisdiction.
In support of their motion to quash, appellants filed affidavits in which they recited a number of facts to dispute any contact with Florida;[2] but it is what they fail to allege, rather than what they allege, that we find determinative. The most important omissions are that nowhere do appellants dispute their agreement with appellee nor the critical allegation in the complaint that they purchased commodities through appellee as their broker in this state. Peripherally, they assert that the agreement was executed in the state of their residence (Washington), but neglect to mention that a sentence in the agreement instructed them to return it to appellee’s office in Florida. They state that funds appellee requested went through a New York bank, but they fail to attach (contrary to what they said they did) the written instructions appellants claim they received from appellee. They admit “accepting offers” in Washington *745 from appellee’s agent to buy or sell silver and gold, but decline to say where the agent was located.
Had appellants denied under oath the existence of any agreement and the purchase of commodities through appellee as their broker in Florida, it would have been incumbent upon appellee to produce proof to the contrary by counter-affidavit in accordance with the procedure approved by this court in Elmex Corp. v. Atlantic Federal Savings & Loan Association, 325 So.2d 58 (Fla. 4th DCA 1976). But, just as a nonresident defendant need not come forward with proof to refute allegations in a complaint which are facially insufficient to invoke the long-arm statute, a plaintiff whose complaint is legally sufficient need not come forward with proof thereof in the absence of proof from the nonresident defendants on the critical jurisdictional allegations.[3]
LETTS, C.J., and HERSEY, J., concur.

. Appellee’s allegations appear quite similar to those this court considered sufficient in Bank of Wessington v. Winters Gov’t Sec. Corp., 361 So.2d 757 (Fla. 4th DCA 1978), and Citizens State Bank v. Winters Gov’t Sec. Corp., 361 So.2d 760 (Fla. 4th DCA 1978).

. Appellants also assert the legal conclusion— which we choose to disregard — that they did not “operate, conduct or engage in a business or business venture within the State of Florida.”

. See the Winters decisions, supra note 1. We are aware of a contention in appellants’ reply brief that a federal trial court has entered an order, in another case involving appellee, dismissing a complaint claimed to be similar to the complaint in this case on the grounds that (a) the complaint failed to allege sufficient facts to invoke the long-arm statute and (b) the plaintiff failed to come forward with proof. International Precious Metals Corp. v. Daly, No. 81-6190-CIV-SMA (S.D.Fla. Sept. 15, 1981) (order dismissing complaint with leave to amend). The complaint filed in that court apparently is not part of appellants’ appendix. Assuming its complete identity, however, we adhere to our decision, noting that the federal court dismissed with leave to amend.