450 So.2d 905 (1984)
Sylvan M. COHEN, Co-Trustee, Appellant,
v.
Rose King FRIEDLAND, Appellee.
Nos. 83-2884, 83-3004.
District Court of Appeal of Florida, Third District.
May 29, 1984.
Cohen, Shapiro, Polisher, Shiekman & Cohen and A. Budd Cutler, Miami, for appellant.
Steel, Hector & Davis and Arthur J. England, Jr. and Thomas R. Julin, Miami, Steinberg & Wohl, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
In Cohen v. Friedland, 447 So.2d 896 (Fla. 3d DCA 1983), we reversed a decision of the Circuit Court General Jurisdiction Division which removed appellant Cohen as co-trustee of the George Friedland trust.[1] *906 Rose Friedland (the sixth wife of the beneficiary, George Friedland) subsequently had herself appointed guardian of the now incompetent George Friedland, then instituted this proceeding on a Rule to Show Cause in the Circuit Court Probate Division to transfer trust assets to a guardianship account. This appeal is from an order which directs the co-trustee Cohen to transfer $200,000 in trust principal to the newly created guardianship and another order which denies Cohen's motion to set aside the prior order.
Cohen, as co-trustee, along with the daughters of George Friedland, opposed the transfer of trust funds to the guardianship account. Cohen perceives the transfer of funds as a "back-door" attempt to terminate his duties as a trustee, and, at least as to $200,000, to revoke the trust. He argues on appeal that this court's previous ruling establishes the law of the case, and therefore, the probate orders were entered in error.
Although our earlier decision will not shield the trustee from all further review of his actions in regard to the trust, the allegations upon which the probate orders were entered are the same as those which formed the basis of the prior action. The first order was entered ex parte, again without competent and substantial proof that Cohen has failed to carry out his trust responsibilities. The orders under review thus directly conflict with our earlier opinion which held that the co-trustee Cohen has "exercised and will continue to exercise his best judgment" in determining whether to invade the trust principal.
A trustee, in the strictest sense, holds legal title to property which he administers for the named beneficiary in accordance with the terms of the instrument creating the trust. White v. Bacardi, 446 So.2d 150, 155 n. 5 (Fla. 3d DCA 1984) (citing Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109 (1933)). The trust agreement provides that the beneficiary, George Friedland, is to receive the income of the trust, and that the trustees in their sole discretion may invade the principal of the trust estate to provide for his "maintenance, comfort and welfare." In the absence of proof that the trustee has failed to perform, or has performed arbitrarily, a court is without authority to remove trust assets from control of the trustee to be administered by the court or other guardian. "To the extent to which discretion [to revoke the trust] is conferred upon the trustee, the exercise of the power is not subject to the control of the court, except to prevent an abuse by the trustee of his discretion." Restatement (Second) of Trusts § 330 comment l (1959).
The case of In re Estate of Herskowitz, 338 So.2d 210 (Fla. 3d DCA 1976), relied upon by the trial court, is distinguishable. There the facts showed clearly that the trustee had arbitrarily and capriciously refused to make payments from a testamentary trust for the support of the minor beneficiaries because of a feud with the children's guardian. In this case the claimed failure to carry out trust duties relates to payment of creditor's bills which are contested, or for which no formal demand has been made upon the trustee.[2]
*907 The orders under review are reversed and the cause is remanded with instructions to return the $200,000 in funds from the guardianship account back to the trust account.
NOTES
[1] In that litigation, George Friedland, as settlor/beneficiary/co-trustee of the George Friedland trust, instituted suit against the other co-trustee Cohen seeking to revoke the trust. The trust could only be terminated with the consent of both co-trustees. Cohen initially opposed the trust revocation because it was not "in the best interests of George Friedland."

Mr. Friedland, at age 81, had married Rose King Friedland (whom he had known only six days) and within the first seven months of their marriage, had spent more than $120,000 in gifts for her. He also began transferring his assets into her name alone. Cohen, a long-time friend of Mr. Friedland, would not agree to invade the principal nor dissolve the trust for fear that Mr. Friedland "would soon be a pauper if permitted unbridled access to the trust assets." Rose Friedland replaced Mr. Friedland as co-trustee when he became incompetent. (Quotations from Brief of Appellants, Cohen v. Friedland, Case No. 82-2479).
[2] Cohen asserts that of some $130,000 in alleged unpaid debts of the beneficiary, $55,000 is for attorney's fees incurred by Rose Friedland in her unsuccessful effort to terminate the trust. The propriety of paying these sums from the trust funds is contested by Cohen. Further, $22,000 represents bills for medical services purportedly provided to George Friedland and paid for by Rose Friedland for which no formal demand for payment has been made upon the trust.