PER CURIAM.
Upon examination of the record and review of the controlling law we conclude that the trial court erred in requiring the trustee to use trust assets to reimburse the guardian of the trust beneficiary for guardianship administration expenses, attorneys fees, and other costs incurred during guardianship. The payment of some of these expenses may have been permitted, at the discretion of the trustee, but such payment was clearly not legally mandated by the trust provisions. Under such circumstances the court has no authority to compel the trustee to make such payments. Cohen v. Friedland, 450 So.2d 905 (Fla. 3d DCA 1984). In addition, there was no authority for the award of attorneys fees. See Florida Coast Bank of Pompano Beach v. Mayes, 437 So.2d 160 (Fla. 4th DCA 1983).
Accordingly, we reverse those provisions of the final judgment directing payment of guardianship administration expenses, utility and rental expenses incurred by the guardian and attorneys fees.
ANSTEAD and WALDEN, JJ„ and CO-WART, EDWARD D., Associate Judge, concur.