828 So.2d 1071 (2002)
AMERICAN FINANCIAL TRADING CORP., a Florida corporation, and National Commodities Corp., Inc., a foreign corporation, Appellants,
v.
Andrew BAUER, an individual, Appellee.
No. 4D01-4339.
District Court of Appeal of Florida, Fourth District.
October 23, 2002.
*1072 Christopher King and R. Lawrence Bonner of Homer, Bonner & Delgado, P.A., Miami, for appellants.
Oliver Alan Ruiz and Stewart D. Williams of Angones, Hunter, McClure, Lynch, Williams & Garcia, P.A., Miami, for appellee.
HAZOURI, J.
Appellants, American Financial Trading Corp. (AFTC) and National Commodities Corporation, Inc. (NCCI) appeal the trial court's dismissal of their suit based on the court's finding that there was a lack of personal jurisdiction. We reverse.
In March, 1998, Dr. Andrew Bauer, a resident of Texas, learned of AFTC (a commodities investment firm) through radio advertisements in Texas. AFTC maintains its principal place of business in Fort Lauderdale, Florida and does business as an introducing broker. As such, AFTC does not actually execute trades, it uses *1073 the clearing firm of NCCI, a Virginia corporation with its principal place of business in Ft. Lauderdale, Florida, to execute its trades. Dr. Bauer spoke with a broker about an investment opportunity he had heard advertised and decided to open an account. On March 27, 1998, Dr. Bauer executed the application and customer agreement with NCCI, along with the risk disclosure documents and documents disclosing the fee schedules for AFTC. That same day, Dr. Bauer wired $10,000 to NCCI in Fort Lauderdale and placed his first order with AFTC to purchase eight commodities options. Over approximately a year's time, Dr. Bauer called AFTC and initiated more than 120 transactions to trade approximately 2,540 commodities options. During that period Dr. Bauer wired sums of money or sent checks to NCCI totaling approximately $465,000.
Problems began to arise between the parties. To resolve those problems, the parties entered into a settlement agreement. In February, 1999, AFTC signed the settlement agreement in Fort Lauderdale and faxed it to Dr. Bauer in Texas. Dr. Bauer then signed and faxed the executed agreement back to AFTC. As part of this agreement, Dr. Bauer initiated several more transactions, at no charge, through AFTC. In April 1999, Dr. Bauer closed his account. However, this was not the end of the problems between the parties. In March 2000, Dr. Bauer filed suit against AFTC and NCCI in Hidalgo County, Texas alleging a violation of the Federal Securities and Exchange Act, fraud, negligence, and breach of fiduciary duty.
In June 2001, AFTC and NCCI filed this suit against Dr. Bauer in circuit court in Broward County, Florida for breach of the settlement agreement. Dr. Bauer filed a Motion to Dismiss for lack of personal jurisdiction. The circuit court granted the Motion to Dismiss.
Appellants seek to obtain jurisdiction over Dr. Bauer under sections 48.193(1)(a) and (2), Florida Statutes (2001), which provide:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
....
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Alternatively, Appellants seek to obtain jurisdiction over Dr. Bauer under section 48.193(1)(g), Florida Statutes (2001), which confers personal jurisdiction for:
(g) breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
This court reviews a trial court's ruling on a motion to dismiss for lack of personal jurisdiction de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
In order to exercise jurisdiction over a defendant pursuant to a long-arm statute, Florida courts must apply a two *1074 part analysis. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); see also Woods v. Nova Co. Belize Ltd., 739 So.2d 617, 620 (Fla. 4th DCA 1999). The court must first determine whether the party has alleged facts sufficient to fall within the scope of section 48.193, Florida Statutes, and second, whether the federal constitutional due process requirements of minimum contacts have been met. Woods, 739 So.2d at 619-20. Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.
In order to determine whether Dr. Bauer is subject to long-arm jurisdiction under section 48.193(1)(a), his activities must be considered collectively and show a general course of business activity in Florida for pecuniary benefit. This court has previously recognized that a non-resident defendant who engages the services of brokers, jobbers, wholesalers, or distributors can be subject to jurisdiction if the defendant was engaged in a course of conduct in Florida for the purpose of realizing a pecuniary benefit. See Bank of Wessington v. Winters Gov't Sec. Corp., 361 So.2d 757 (Fla. 4th DCA 1978); Mears v. Int'l Precious Metals Corp., 421 So.2d 743 (Fla. 4th DCA 1982) (holding that the critical element alleging personal jurisdiction was that appellants purchased commodities through appellee as their broker in Florida).
In Bank of Wessington, this court found that defendant Bank, located in South Dakota, was subject to personal jurisdiction under Florida's long-arm statute. Plaintiff and defendant had engaged in ten separate oral transactions involving the purchase and sale of Government National Mortgage Association Contracts over a span of approximately two months. This court held that defendant was engaged in a general course of business activity in Florida for pecuniary benefit. There needs to be no local office nor agent, no lease, no meeting, no presence of corporate officers in Florida to satisfy the long-arm statute. Bank of Wessington, 361 So.2d at 760.
In the instant case, Dr. Bauer engaged the services of Appellants for the purpose of buying and selling commodities for pecuniary benefit. His business activity was substantial and not isolated. He engaged in over 120 transactions involving more than $465,000.
Dr. Bauer relies on Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt., Inc., 726 So.2d 313 (Fla. 4th DCA 1999), to support the trial court's ruling. Plaintiff in Travel Opportunities was a Florida corporation who had an ongoing business relationship with defendant, a New York corporation with offices in Connecticut, for a period of two years. This court reasoned that defendant was not subject to personal jurisdiction in Florida because plaintiff had originally contacted defendant in Connecticut and it was undisputed that defendant did not solicit business in Florida.
Travel Opportunities is distinguishable from the instant case in that Dr. Bauer contacted Appellants in Florida and initiated numerous business transactions in Florida. Dr. Bauer argues that the time period over which his transactions took place (approximately one year) is insufficient to invoke section 48.193(1)(a). However, our decision in Travel Opportunities was not based on the length of time throughout which the transactions took place. It was based on where the transactions were initiated and conducted and that there were no facts showing a general course of business activities in Florida for pecuniary benefit. Id. at 314.
In addition, we find that Appellants' cause of action "arises from" Dr. Bauer's business activities in Florida. See *1075 Citicorp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994) (holding that the term "arising from" is broad; it does not mean "proximately caused by," but only requires a "direct affiliation, nexus, or substantial connection" to exist between the basis for the cause of action and the business activity.) We must now determine whether the second part of the analysis is met.
Due process requires that the nonresident have sufficient minimum contacts with the State of Florida such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Factors that determine whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections. Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1268 (Fla.1992).
Dr. Bauer purposely availed himself of the privilege of carrying on business activities in Florida. By hiring a broker in Florida and initiating more than 120 commodities transactions through a Florida broker, Dr. Bauer subjected himself to jurisdiction under Florida's long arm statute. In addition, his conduct and connection with Florida are such that he should have reasonably anticipated being haled into court in Florida. He contracted with a Florida corporation, all of the services were performed in Florida and payment was due in Florida. Dr. Bauer clearly availed himself of the privilege of conducting business in Florida. See Industrial Cas. Ins. Co. v. Consultant Assocs., Inc., 603 So.2d 1355 (Fla. 3d DCA 1992). The maintenance of this suit does not offend traditional notions of fair play and substantial justice.
As additional grounds for our holding we find that Dr. Bauer's activities in Florida are substantial and not isolated. He initiated and maintained continuous and systematic business contact in Florida for pecuniary gain. Therefore, the court has personal jurisdiction over Dr. Bauer pursuant to section 48.193(2). If a defendant's actions meet the requirements of section 48.193(2), then the test of minimum contacts is also satisfied. Woods, 739 So.2d at 620.
Since this Court has determined that Dr. Bauer is subject to jurisdiction under section 48.193(1)(a) and (2), we do not need to reach whether Dr. Bauer is subject to personal jurisdiction under 48.193(1)(g).
REVERSED.
STONE and MAY, JJ., concur.