987 So.2d 818 (2008)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP, Appellant,
v.
KAR KARE AUTOMOTIVE GROUP, INC., a foreign corporation, Appellee.
No. 4D07-971.
District Court of Appeal of Florida, Fourth District.
August 13, 2008.
*819 H. Michael Muniz, Scott J. Topolski, and I. Jeffrey Pheterson of Buckingham, Doolittle & Burroughs, L.L.P., Boca Raton, for appellant.
Frank J. Bennardo of Bennardo & Bennardo, Boca Raton, for appellee.
CONNER, BURTON C., Associate Judge.
Buckingham, Doolittle & Burroughs, LLP ("Buckingham") appeals the trial court's non-final order granting a motion to dismiss for lack of personal jurisdiction. The trial court held that Buckingham failed to prove that appellee Kar Kare had engaged in substantial business activity in the state of Florida to impose personal jurisdiction over Kar Kare as a foreign corporation. We affirm.
Buckingham sued its former client, Kar Kare Automotive Group, Inc. ("Kar Kare"), a California corporation, for breach of contract for legal services rendered in connection with the representation of Kar Kare in a lawsuit against Richard Colucci. Colucci had a restrictive covenant in a contract he entered into with Kar Kare. Kar Kare alleged that Colucci breached the restrictive covenant and filed suit against him in circuit court of Palm Beach County.[1] The trial court granted a preliminary injunction. On appeal, this court reversed and held that Kar Kare did not have a legitimate business interest on which to base a noncompetition agreement and that the employer, Kar Kare, did not demonstrate irreparable harm as required for a temporary injunction. See Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431 (Fla. 4th DCA 2006). The law firm of Pheterson & Bleau represented Kar Kare in the Colucci lawsuit. The Pheterson law firm ultimately merged into the Buckingham law firm, and the Buckingham firm stepped into the shoes of the Pheterson law firm when accrued legal fees were not paid.
Buckingham filed its suit against Kar Kare on August 15, 2006. After being served with process in this case, Kar Kare filed its initial motion to dismiss for lack of personal jurisdiction, unaccompanied by an affidavit or other form of proof to challenge the personal jurisdiction facts alleged in the complaint. The trial court denied the first motion to dismiss without prejudice.
Kar Kare filed a second motion to dismiss for lack of personal jurisdiction with a supporting affidavit. The affidavit was executed by Edward Bonanni, the president of Kar Kare, and stated in pertinent part:
4. That KAR KARE is a California corporation incorporated in that state on October 8, 1986.... Its only principal office is 5622 Research Drive, Suite A, Huntington Beach, California 92649.
5. That at the time of the engagement of Pheterson & Bleau, Esqs. in 2004 and at the time of the purported merger of that law firm into the Plaintiff law firm, and since February of 2001, KAR *820 KARE was not registered to do business in the State of Florida, did not have an office in the State of Florida, and did not have an agent in the State of Florida.
. . .
8. When KAR KARE initially decided to initiate litigation in the state of Florida against defendant Richard Colucci, KAR KARE's California counsel was referred by his client (on an unrelated matter) to attorney Jeffrey Pheterson.
. . .
17. That lastly, at no time did I nor anyone associated with KAR KARE ever appear in Florida to meet with anyone at Pheterson & Bleau or the Plaintiff. All remittances of fees were made from KAR KARE's California office.
Buckingham argues on appeal that the affidavit was not properly executed and, thus, not worthy as evidence to oppose the motion to dismiss. We find no merit to that argument.
In response to the second motion to dismiss, Buckingham filed a transcript from an evidentiary hearing held on March 11, 2005 in the Colucci case. The purpose of the hearing was to dissolve the temporary injunction against Colucci. At that hearing, Bonanni testified as to the business relationship Kar Kare had with Colucci and how Kar Kare was attempting to expand its market to Florida with the assistance of Colucci. Although Bonanni testified that Kar Kare was authorized to do business in Florida at that time, an exhibit was admitted into evidence which showed that Kar Kare's authorization as a foreign corporation to do business in Florida was terminated on September 21, 2001. The transcript of the March 11, 2005 hearing in the Colucci case also showed convincingly that the only agent Kar Kare ever had in Florida was Colucci, whose association with Kar Kare ended before 2005.
At the hearing on the jurisdictional issue, Kar Kare's attorney admitted that Kar Kare had conducted business in Florida with Colucci which ended eighteen months prior to the initiation of this litigation. Kar Kare claimed that Buckingham alleged only general jurisdiction in that Kar Kare conducted substantial activities in Florida. Buckingham did not allege jurisdiction arising out of a specific act or contractual breach. Because Kar Kare's business activities in Florida had ceased well before the initiation of this suit, no jurisdiction over Kar Kare existed.
After the hearing, the trial court granted Kar Kare's second motion to dismiss. The trial court found that "the transcript and affidavit establish that there were substantial business activities in Florida, but they were discontinued prior to the filing (and/on service) date of this action. There was not substantial activity shown as of the filing date." Buckingham contends the trial court erred in dismissing the case for lack of personal jurisdiction.
On appeal, Buckingham's arguments and contentions focus on and spring from the allegation in the complaint that "Defendant, Kar Kare Automotive Group, Inc., is a foreign corporation, authorized and doing business in the State of Florida and doing business in Palm Beach County, Florida." Buckingham concedes that even though Kar Kare may not have been authorized as a foreign corporation to do business in Florida at the time Buckingham sued Kar Kare, nothing in the affidavit attached to the motion to dismiss, and nothing submitted as evidence to the trial court for consideration of the motion, refuted the allegation in the complaint that Kar Kare was or had been doing business in Palm Beach County, Florida. Buckingham's strongest argument seems to be that even if the evidence shows that Kar Kare was no longer doing business in Florida *821 at the time Buckingham sued Kar Kare, it had been doing business recently enough to subject it to personal jurisdiction in this case.
The standard of review for personal jurisdiction over a foreign corporation is de novo. See Res. Healthcare of Am., Inc. v. McKinney, 940 So.2d 1139 (Fla. 2d DCA 2006); see also Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002); Anthony v. Gary Rotella & Assocs. P.A., 906 So.2d 1205 (Fla. 4th DCA 2005).
Section 48.193, Florida Statutes, is the long-arm statute of this state and provides, in relevant part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
. . .
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Subsection (1) of the statute defines the requirements for specific in personam jurisdiction; section 2 defines the requirements for general in personam jurisdiction. See N.W. Aircraft Capital Corp. v. Stewart, 842 So.2d 190 (Fla. 5th DCA 2003).
When performing a jurisdictional analysis pursuant to a long-arm statute, Florida courts must engage in a two-part analysis set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989) as follows:
First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.
"Both parts must be satisfied for a court to exercise personal jurisdiction over a nonresident defendant." Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071, 1074 (Fla. 4th DCA 2002). However, this case involves the first prong of the analysis, namely whether Buckingham has shown that Kar Kare satisfies the statutory requirements for jurisdiction. The first prong of the analysis involves an examination of the four corners of the complaint to determine if the pleadings sufficiently allege a basis for jurisdiction. Supporting facts need not be pled. Venetian Salami, 554 So.2d at 502. That case sets forth the procedure and shifting burden to contest jurisdiction:
A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Elmex Corp. [v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976) ] In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed.
Id. at 502-03. Where the affidavits cannot be reconciled, the trial court should hold a limited evidentiary hearing to determine the jurisdictional issue. Id. See also *822 N.W. Aircraft Capital Corp., 842 So.2d at 193.
In this case, Buckingham sufficiently alleged facts in the complaint to satisfy the first prong of the jurisdictional analysis. It alleged that Kar Kare did business in Florida. However, in filing an affidavit in support of its second motion to dismiss, Kar Kare raised a factual issue regarding whether it conducted substantial business activity in Florida to justify personal jurisdiction. The issue on appeal is whether the record evidence supports the trial court's decision that Kar Kare did not conduct substantial business activity within the state at the time suit was filed. The record before the trial court consisted of an affidavit attached to the motion to dismiss and a trial transcript in the Colucci case. In support of its argument that Kar Kare had been doing business recently enough in the past to subject Kar Kare to personal jurisdiction in this case, Buckingham cites a number of cases which examine the time period for evaluating minimum contacts, the second prong of the jurisdictional analysis. One case cited by Buckingham considered a seven-year time period in evaluating the contacts a defendant has with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). However, none of the cases cited by Buckingham address a situation where a business terminates its contacts with a state.
Moreover, this court has been unable to find any caselaw which addresses what period of time must pass before a company which stops doing business in a state is no longer considered to have sufficient contacts to justify general in personam jurisdiction pursuant to the statute. The trial judge in this case concluded there was insufficient evidence that Kar Kare was conducting business in this state, and it would appear the record would support a finding that Kar Kare stopped doing business in this state when it terminated its relationship with Colucci more than eighteen months before Buckingham filed its suit against Kar Kare. We do not find that the trial court erred in its application of the law to the evidentiary showing before the trial court.
Affirmed.
WARNER and FARMER, JJ., concur.
NOTES
[1] Palm Beach County Circuit Court Case No. 502005CA001224XXXXMB.