GATES, MICHAEL L„ Associate Judge.
 

 This is a consolidated appeal from non-final orders denying Covenant Trust Company’s (Covenant) Motion to Quash Service of Process; an order directing Covenant to expend no further funds; and an order requiring Covenant to pay $10,000.00 to guardian’s attorney, whereby Covenant argues the probate court erred in finding that it had
 
 in personam
 
 jurisdiction over Covenant and in directing expenditures of trust funds by Covenant. The appellant argues, among other things, that the trial court erred in denying the motion to dismiss without an evidentiary hearing. We agree and reverse.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Dolores Irhman is the Guardian of the ward Lillian Ihrman (“Guardian”).
 

 In January 2009, Guardian removed Lillian from Covenant Village of Florida and placed her in Bayview Retirement Home, due to concerns with Covenant Village’s health care. The Guardian then filed a
 
 *501
 
 Petition to Order Payment of Monthly Cost of Care/Petition to Remove Covenant as Trustee. The petition, alleging Covenant breached its fiduciary duties, requested the court enter an order compelling Covenant to pay Lillian’s expenses, order a trust accounting, and remove Covenant as trustee. The petition and notice of hearing were sent by U.S. Mail to Covenant in Illinois.
 

 Covenant objected to Guardian’s petition, and moved the court to dismiss and adjudicate that process and service of process had not been effected. Covenant further argued that section 736.0205, Florida Statutes, requires the action to be brought in Illinois.
 

 At the April 2009 hearing, Covenant argued it administers the trust in Illinois, there had been no service of process, and therefore, the court did not have personal jurisdiction. Guardian’s counsel admitted that Covenant was not properly served. The court entered an order giving the guardian 30 days to effectuate service of process of the petition to remove trustee. The court reserved ruling on the 736.0205 objection.
 

 On May 22, 2009, Covenant filed its motion to quash process and service of process, renewed objection to the petition, and motion to dismiss, along with supporting affidavits controverting that sufficient contacts existed to invoke long-arm jurisdiction. Guardian, in response to Covenant’s motion to quash service, filed an affidavit to establish that Covenant did in fact do business within the State of Florida.
 

 On September 25, 2009, the trial court entered an order prohibiting Covenant from expending trust funds without court order. Covenant appealed this order contending the court erred because it lacked
 
 in personam
 
 jurisdiction over Covenant, or, alternatively, because no evidence was offered to support the breach of trust required by section 736.0802(10).
 

 On October 21, 2009, a hearing was held on Covenant’s second motion to quash process and service of process, motion to dismiss, and renewed objection to the petition. Covenant argued the petition did not allege
 
 in personam
 
 jurisdiction over Covenant because it failed to set forth the elements to establish long-arm jurisdiction and the necessary minimum contacts. Thus, the service of process was invalid.
 

 The trial court found that while the petition was not artfully drawn, it was sufficient to survive a motion to dismiss. The motion to dismiss was denied and Covenant was directed to file a responsive pleading. Covenant also appealed this order.
 

 On October 28, 2009, the trial court held a hearing on Guardian’s motion for additional retainer, and entered an order granting the motion requiring Covenant to pay the additional retainer. Covenant appealed this order.
 

 ANALYSIS
 

 “The standard of review for personal jurisdiction over a foreign corporation is de novo.”
 
 Buckingham, Doolittle & Burroughs, LLP v. Kar Kare Auto. Grp., Inc.,
 
 987 So.2d 818, 821 (Fla. 4th DCA 2008). “Additionally, we are required to strictly construe Florida’s long-arm statute.” Gre
 
 ystone Tribeca Acquisition, LLC v. Ronstrom,
 
 863 So.2d 473, 475 (Fla. 2d DCA 2004).
 

 Covenant argues the trial court did not have
 
 in personam
 
 jurisdiction over Covenant Trust Company, an Illinois company, because the petition failed to properly allege a basis for jurisdiction under the long-arm statute.
 

 Section 736.0201(1), Florida Statutes (2009), provides that trust proceedings
 
 *502
 
 “shall be commenced by filing a complaint and shall be governed by the Florida Rules of Civil Procedure.” Florida Rule of Civil Procedure 1.070(h) states that “[w]hen service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.”
 

 To determine jurisdiction over a non-resident defendant, the court must conduct a two-part analysis, as set forth in
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989): “ ‘First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient “minimum contacts” are demonstrated to satisfy due process requirements.’ ”
 
 Buckingham, Doolittle,
 
 987 So.2d at 821. To exercise personal jurisdiction over a non-resident defendant, both parts must be met.
 
 Id.
 
 (citing
 
 Am. Fin. Trading Corp. v. Bauer,
 
 828 So.2d 1071, 1074 (Fla. 4th DCA 2002)).
 

 Satisfying the first prong requires examining the four corners of the complaint to “determine if the pleadings sufficiently allege a basis for jurisdiction.”
 
 Id.
 
 The plaintiff may satisfy this burden “ ‘either by alleging the language of the statute without pleading supporting facts,
 
 or by alleging specific facts that indicate that the defendant’s actions fit within one of the sections of Florida’s long arm statute, section 18.193.’ ” Biloki v. Majestic Greeting Card Co.,
 
 33 So.3d 815, 819 (Fla. 4th DCA 2010) (quoting
 
 Becker v. Hooshmand,
 
 841 So.2d 561, 562 (Fla. 4th DCA 2003)) (emphasis added).
 

 Here, the first prong of the
 
 Venetian Salami
 
 analysis was met, because although the petition was poorly constructed, it alleged sufficient facts indicating Covenant’s actions fit within the long-arm statute.
 

 Next, to contest the complaint’s allegations or to contest the existence of minimum contacts, a defendant must file an affidavit supporting his argument.
 
 Buckingham, Doolittle,
 
 987 So.2d at 821 (citing
 
 Venetian Salami,
 
 554 So.2d at 502-03). The burden then shifts to the plaintiff to prove by affidavit on which basis jurisdiction may be obtained.
 
 Id.
 
 (citing
 
 Venetian Salami,
 
 554 So.2d at 502-03). If the affidavits can be reconciled, then the court may make a decision based on the undisputed facts; however, if they cannot be reconciled, then the court should conduct a limited evidentiary hearing to determine the issue of jurisdiction.
 
 Id.
 
 (citing
 
 Venetian Salami,
 
 554 So.2d at 502-03).
 

 Here, Guardian’s and Covenant’s affidavits cannot be reconciled, as Guardian attested Covenant conducted business in Florida, and Covenant denied this. The trial court only held hearings and decided the issue based on the attorneys’ arguments.
 
 See Ralph v. McLaughlin, 756
 
 So.2d 240, 241 (Fla. 2d DCA 2000) (where trial court only heard the arguments of counsel before deciding the motions to dismiss based on lack of personal jurisdiction, the Second District, pursuant to
 
 Venetian Salami,
 
 reversed and remanded the case so the trial court could hold a limited evidentiary hearing on the minimum contacts issue to resolve the conflicting affidavits);
 
 Sonson v. Hearn,
 
 17 So.3d 745, 747 n. 1 (Fla. 4th DCA 2009) (citing
 
 Leon Shaffer Golnick Adver., Inc. v. Cedar,
 
 423 So.2d 1015, 1017 (Fla. 4th DCA 1982)) (unsworn statements by an attorney at a hearing do not establish facts upon which the trial court can rely). Therefore, the trial court erred by not conducting a limited evidentiary hearing to determine if Covenant had the required minimum con
 
 *503
 
 tacts to expect to be haled into court in Florida.
 
 See Golant v. German Shepherd Dog Club of Am., Inc.,
 
 26 So.3d 60, 62-63 (Fla. 4th DCA 2010) (with regard to minimum contacts, due process is met if a nonresident defendant would reasonably anticipate being haled into a Florida court).
 

 Assuming the trial court has the requisite
 
 in personam
 
 jurisdiction, Covenant argues section 736.0205 requires this action be brought in Illinois, unless all parties could not be bound by litigation in the courts where the trust is registered.
 

 Section 736.0205, Florida Statutes (2009) (emphasis added), states in pertinent part that “[o]ver the objection of a party, the court shall not entertain proceedings under s. 736.0201 for a trust registered, or having its principal place of administration, in another state
 
 unless
 
 all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration.” Section 736.0108, Florida Statutes (2009), controls the determination of the trust’s principal place of administration. The Ihrman trust states that “[tjhis instrument and the disposition under it shall be construed and regulated and their validity and effect shall be determined by the laws of the State of Illinois.” However, this does not designate the “principal place of administration.”
 
 See
 
 § 736.0108(1). If the trust does not specify, then the principal place of administration is the trustee’s usual place of business. § 736.0108(2). According to the senior trust administrator’s affidavit, Illinois is the usual place of business.
 

 It is not clear from the record if “all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration.” Thus, if the trial court determines it has
 
 in personam
 
 jurisdiction, it will next need to determine if the interested parties could be bound by litigation in Illinois.
 
 See Meyer v. Meyer,
 
 931 So.2d 268, 269-70 (Fla. 5th DCA 2006) (trust administered in New York where trustee resided; no parties had any connections with Florida; trial court should have applied section 737.203 (predecessor to section 736.0205); thus, it “reverse[d] the order denying the motion to dismiss and remand[ed] for the purpose of allowing the trial court to determine whether all interested parties could be bound by litigation in New York”). We reverse and remand the case to the trial court with directions to hold an evidentiary hearing on the issue of jurisdiction over Covenant.
 

 Covenant next contends the trial court erred in entering its September 25, 2009 order (a) because the court assumed
 
 in personam
 
 jurisdiction over Covenant, which it lacked, or alternatively (b) because no evidence was offered in support of the breach of trust as required under section 736.0802(10).
 

 If the trial court determines it lacked
 
 in personam
 
 jurisdiction, then the court erred in assuming it had the required jurisdiction and thus it lacked power over Covenant.
 
 Springbrook Commons, Ltd. v. Brown,
 
 761 So.2d 1192, 1194 (Fla. 4th DCA 2000) (“If the court is to exercise its power over a person it must have jurisdiction over that individual.”). However, if the trial court does have the required
 
 in personam
 
 jurisdiction, it must next be determined if the court could properly enter its September 25 order.
 

 Guardian filed her motion to prohibit payment pursuant to section 736.0802, arguing she was not provided written notice as required by section 736.0802(10)(a) and requesting the court enter an order pursuant to section 736.0802(10)(b) prohibiting further payment of attorney’s fees out of the trust.
 

 
 *504
 
 Section 736.0802(10) (emphasis added) provides in pertinent part:
 

 (10) Payment of costs or attorney’s fees incurred in any proceeding from the assets of the trust may be made by the trustee without the approval of any person and without court authorization, unless the court orders otherwise as provided in paragraph (b).
 

 (a)
 
 If a claim or defeme based upon a breach of trust is made against a trustee in a proceeding, the trustee shall provide mitten notice to each qualified beneficiary of the trust whose share of the trust may be affected by the payment of attorney’s fees and, costs of the intention to pay costs or attorney’s fees incurred, in the proceeding from the trust prior to making payment.
 
 ... If a trustee is served with a motion for an order prohibiting the trustee from paying attorney’s fees or costs in the proceeding and the trustee pays attorney’s fees or costs before an order is entered on the motion, the trustee and the trustee’s attorneys who have been paid attorney’s fees or costs from trust assets to defend against the claim or defense are subject to the remedies in paragraphs (b) and (c).
 

 (b)
 
 If a claim or defense based upon breach of trust is made against a trustee in a proceeding, a party must obtain a court order to prohibit the trustee from paying costs or attorney’s fees from trust assets.
 
 To obtain an order prohibiting payment of costs or attorney’s fees from trust assets,
 
 a party must make a reasonable showing by evidence in the record or by proffering evidence that provides a reasonable basis for a court to conclude that there has been a breach of trust.
 
 The trustee may proffer evidence to rebut the evidence submitted by a party. The court in its discretion may defer ruling on the motion, pending discovery to be taken by the parties.
 
 If the court finds that there is a reasonable basis to conclude that there has been a breach of trust, unless the court finds good cause, the court shall enter an order prohibiting the payment of further attorney’s fees and costs from the assets of the trust and shall order attorney’s fees or costs previously paid from assets of the trust to be refunded
 
 ....
 

 A breach of trust is “[a] trustee’s violation of either the trust’s terms or the trustee’s general fiduciary obligations.” Black’s Law Dictionary 201 (8th ed. 2004).
 

 Here, Guardian’s counsel argued at the hearing that Covenant failed to provide notice to Guardian concerning attorney’s fees that were being paid, as required under section 736.0802(10)(a). To obtain an order prohibiting Covenant from paying any more attorney’s fees from the trust assets, section 736.0802(10)(b) states that the “party must make a reasonable showing by evidence in the record or by proffering evidence that provides a reasonable basis for a court to conclude that there has been a breach of trust.” No evidence was provided or proffered showing a breach of trust. Guardian’s counsel argued that six months before the September hearing, the trust had approximately $130,000, and as of September 11, the corpus was about $67,000; although some of this went to pay for Lillian’s monthly maintenance, most of it went to pay attorney’s fees and costs. The trust provisions do not prohibit the payment of attorney’s fees, and section 736.0802(10) states that attorney’s fees may be made by the trustee without any approval, although subsection (10)(a) requires the trust company send notice when the proceedings involve a breach of trust, which Covenant apparently did not do.
 

 During the hearing, the court did not explicitly decide whether the trustee breached the trust. Section
 
 *505
 
 736.0802(10)(b) states that “[i]f the court finds that there is a reasonable basis to conclude that there has been a breach of trust, unless the court finds good cause, the court shall enter an order prohibiting the payment of further attorney’s fees and costs from the assets of the trust and shall order attorney’s fees or costs previously paid from assets of the trust to be refunded.” Accordingly, the trial court erred in entering this order without making any such finding of breach of trust.
 

 Lastly, Covenant contends the trial court erred in entering its October 28, 2009 order for an additional retainer (a) because it lacked
 
 in personam
 
 jurisdiction over Covenant, or alternatively (b) because this was “an order for the immediate possession of property,” which it argues “must be reversed where no basis in law or fact is provided by the guardian to support such order.”
 

 The court must have personal jurisdiction over the trustee “in order to enter a ruling affecting the corpus of the trust.” Thus, if the trial court does not have the requisite
 
 in personam
 
 jurisdiction over Covenant, then the trial court erred by entering the October 28, 2009 order directing Covenant to pay the additional retainer from the trust. However, if the trial court does have jurisdiction, it must next be determined if the court could properly enter its October 28, 2009 order.
 

 Covenant argues the trial court erred in requiring it to pay $10,000 to Guardian’s attorney. The trust provides as follows:
 

 2.01 During the lives of the Grantors, or the survivor of them, the Trustee [Covenant] shall pay so much or all the net income of the trust to the Grantors, or the survivor of them, as they direct in writing, and the Trustee shall pay any part of the principal of the trust as the Grantors, or the survivor of them, direct in writing.
 
 However, during any period in which the Grantors, or the survivor of them, are in the opinion of a licensed physician incapable of managing their own affairs, the Trustee may in its discretion pay to or use for the benefit of the Grantors or the survivor of them, so much of the income and principal of the trust as the Trustee determines to be required for their health, support and maintenance, in their accustomed 'manner of living, or for other purposes the Trustee determines to be for their best interests.
 
 Any excess income shall be added to principal at the discretion of the Trustee.
 

 Here, Lillian was adjudicated incapacitated and Guardian was appointed as her plenary guardian. This was enough to bring Lillian within the language of this trust provision, as Lillian is unable to manage her own affairs. Thus, the trust requires Covenant to act in its discretion to pay to Lillian that which she needs for her health, support, and maintenance, and for any other purposes within her best interests.
 

 In
 
 Cohen v. Friedland,
 
 450 So.2d 905, 906 (Fla. 3d DCA 1984) (citing
 
 White v. Bacardi,
 
 446 So.2d 150, 155 n. 5 (Fla. 3d DCA 1984)), the Third District explained that “[a] trustee, in the strictest sense, holds legal title to property which he administers for the named beneficiary in accordance with the terms of the instrument creating the trust.” The trust agreement provided that the beneficiary would receive the trust income and the trustees had sole discretion to invade the trust principal for the beneficiary’s maintenance, comfort, and welfare.
 
 Id.
 
 But “[i]n the absence of proof that the trustee has failed to perform, or has performed arbitrarily, a court is without authority to remove trust assets
 
 *506
 
 from control of the trustee to be administered by the court or other guardian.”
 
 Id.
 

 In
 
 Giglio v. Perretta,
 
 493 So.2d 470, 470 (Fla. 4th. DCA 1986), we held the “trial court erred in requiring the trustee to use trust assets to reimburse the guardian of the trust beneficiary for guardianship administration expenses, attorneys fees, and other costs.” We explained that although paying some of these costs may have been allowed, in the trustee’s discretion, these payments were “not legally mandated by the trust provisions,” so the court had “no authority to compel the trustee to make such payments,” nor any authority for the attorney’s fees award.
 
 Id.
 
 (citing
 
 Cohen,
 
 450 So.2d 905).
 

 Further, in
 
 Johnson v. Guardianship of Singleton,
 
 743 So.2d 1152, 1153 (Fla. 3d DCA 1999), the Third District, citing
 
 Cohen,
 
 held that there was “no statutory or other satisfactory legal justification for the award” of legal expenses, where the trial court ordered the trustee “to pay from trust assets the legal expenses incurred” by the guardian.
 

 Here, Covenant, as trustee, was granted, within the trust provision, the discretion to make payments from the trust assets. There was no evidence that Covenant acted arbitrarily. Therefore, the court lacked the authority to order Covenant to remove trust assets. As explained in
 
 Giglio,
 
 these payments were not legally mandated in the trust terms. Further, as in
 
 Johnson,
 
 there was no statutory or other legal authority for the court to order the payments. Because the trust did not provide for the payment of attorney’s fees, and Covenant could make payments in its discretion for Lillian’s best interests, the court was without authority to order Covenant to pay Guardian’s attorney $10,000 from the trust assets.
 

 This case is reversed and remanded for the trial court to conduct an evidentiary hearing consistent with this opinion.
 

 Reversed and Remanded.
 

 POLEN and MAY, JJ., concur.