NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


In re Guardianship of Ronald J. Mount.  )

                               )

                               )

RENE A. GIACALONE-MOUNT and  )
HEATHER J. MOUNT, as cotrustees  )
of the Ronald J. Mount Revocable  )
Trust,  )
         Appellants,  )

                               )

v.  )        Case No. 2D15-2052

                               )

JILL J. BURZYNSKI, ESQ., as  )
court-appointed counsel of Ronald  )
J. Mount; IAN MOUNT; and THERESA  )
SCHULTZ, in her capacity as  )
Emergency Temporary Guardian of  )
Ronald J. Mount,  )

                               )

         Appellees.  )

Opinion filed February 26, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
Frederick R. Hardt, Judge.

Laird A. Lile of Laird A. Lile, P.A., Naples,
and Matthew Menchel of Kobre & Kim LLP,
Miami, for Appellants.

Cathy S. Reiman and Christopher D.
Donovan of Roetzel & Andress, P.A., Naples
and Jill J. Burzynski of Burzynski Elder Law,
Naples, for Appellee Jill J. Burzynski, Esq.

William M. Pearson and Michael T. Traficante of Grant Fridkin Pearson, P.A., Naples, for Appellee Ian Mount.

Christian Spake and Jennifer J. Nackley of Quarles & Brady, LLP, Naples, for Appellee Theresa Schultz.

PER CURIAM.

The cotrustees of the Ronald J. Mount Revocable Trust (the Trust), Rene A. Giacalone-Mount and Heather J. Mount, appeal a nonfinal order entered on March 31, 2015, in a nonadversarial guardianship proceeding in which Ronald J. Mount was the Ward. The order on appeal, which was entered on a motion filed by the Ward's court-appointed counsel, compels the cotrustees to return trust funds held in the escrow account of the Stern & Kilcullen law firm to the Trust's primary bank account at Wells Fargo Private Banks, N.A. We reverse the order. In the absence of an action properly commenced by the guardianship against the cotrustees, the Ward's beneficial interest in the trust does not afford the guardianship court the authority to override the decisions of the cotrustees in the management of the trust. See Cohen v. Friedland, 450 So. 2d 905, 906 (Fla. 3d DCA 1984) ("In the absence of proof that the trustee has failed to perform, or has performed arbitrarily, a court is without authority to remove trust assets from control of the trustee to be administered by the court or other guardian."); see also Covenant Trust Co. v. Guardianship of Ihrman, 45 So. 3d 499, 505-06 (Fla. 4th DCA 2010).

We therefore reverse the March 31, 2015, order in its entirety.

Reversed; remanded for proceedings consistent with this opinion.

- 2 -

ALTENBERND, SLEET, and BADALAMENTI, JJ., Concur.