841 So.2d 561 (2003)
Patricia A. BECKER, Appellant,
v.
Hooshang HOOSHMAND, M.D., Appellee.
No. 4D02-261.
District Court of Appeal of Florida, Fourth District.
March 12, 2003.
Rehearing Denied April 24, 2003.
Kevin S. Doty of Hatch & Doty, P.A., Vero Beach, for appellant.
Janet M. Carney and Louis B. Vocelle, Jr., of Clem, Polackwich, Vocelle & Berg, L.L.P., Vero Beach, for appellee.
POLEN, C.J.
This appeal arises from a trial court's denial of a defendant's motion to dismiss based on alleged lack of personal jurisdiction. For the reasons explained below, we affirm the trial court's decision.
Appellant, Patricia Becker, was named as the defendant in a multi-count civil action brought by Dr. Hooshmand. Becker is a resident of Chester County, Pennsylvania. Dr. Hooshmand is a licensed physician practicing in Indian River County, Florida.
In Dr. Hooshmand's complaint, he alleged that Ms. Becker, through her activity on the internet, should be found liable for defamation, defamation per se, and tortious interference with a business relationship. Dr. Hooshmand further alleged that Ms. Becker is a moderator of an internet chat room and has posted numerous defamatory comments about him that were targeted to Florida residents, or people likely to seek medical care in the state of Florida, which resulted in injury to his reputation and business. Becker responded to the complaint with a motion to dismiss alleging that the court could not *562 properly exercise jurisdiction over her. The trial court disagreed, and so do we.
The applicable standard of review is de novo. See Taylor v. City of Riviera Beach, 801 So.2d 259 (Fla. 4th DCA 2001).
The Florida Supreme Court has held that determining the propriety of the exercise of long arm jurisdiction in Florida is a two-step inquiry. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). The first step is to determine if the plaintiff has established sufficient jurisdictional facts to subject the defendant to Florida's long arm jurisdiction. Id. at 502. Once the first step has been satisfied, the second inquiry is whether the defendant possesses sufficient minimum contacts to satisfy the constitutional due process requirements. Id. at 500. The initial burden falls on the plaintiff to plead the basis for service under the long-arm statute. Id. at 502. The plaintiff may satisfy this initial burden either by alleging the language of the statute without pleading supporting facts, or by alleging specific facts that indicate that the defendant's actions fit within one of the sections of Florida's long arm statute, section 48.193. Id.
Additionally, "a defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." Id. at 502. If a defendant submits such an affidavit, then the burden shifts back to plaintiff to submit affidavits establishing the basis for jurisdiction. Id.
We conclude that the allegations of the complaint satisfy Dr. Hooshmand's initial burden. Florida's long arm statute provides in part:
"Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
... (b) Committing a tortious act within this state.
. . .
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; ...
§ 48.193, Fla. Stat.
The initial threshold was satisfied in the complaint by alleging facts that indicate that the defendant's actions fit within one of the sections of Florida's long arm statute, section 48.193. Specifically, facts were alleged that indicate that the defendant committed a tortious act within the state.
Florida courts have long recognized that a cause of action in tort arises where the injury to the plaintiff first occurs. See, e.g., Williams v. Goldsmith, 619 So.2d 330 (Fla. 3d DCA 1993)(tortious interference with contract claim accrued where plaintiff suffered injury by loss of clients); see also Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975)(personal injury action accrued where injury occurred); Tucker v. Fianson, 484 So.2d 1370 (Fla. 3d DCA 1986)(legal malpractice action accrued where asserted negligence impacted plaintiff's economic interest).
The Florida Supreme Court recently clarified this issue and noted that:
In order to commit a tortious act in Florida, a defendant's physical presence is not required. Second, committing a *563 tortious act in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications.
Wendt v. Horowitz, 822 So.2d 1252 (Fla. 2002).
Furthermore, this court has previously held that committing a tortious act under Florida's long arm statute does not require that a physical tort occur in this state. See, e.g, Carida v. Holy Cross Hosp., Inc., 424 So.2d 849 (Fla. 4th DCA 1982). (slanderous telephone conversations were sufficient.) Similarly, this court has concluded that mailing a letter into the State of Florida was sufficient to find that tortious conduct took place in the state. Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994). Additionally, this court has held that making a defamatory statement over the telephone constitutes the commission of a tortious act for purposes of Florida's long arm statute. Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716 (Fla. 4th DCA 1998). We find that the communications that form the basis of the allegations in this case are analogous to cases previously decided by this court and certainly fit within the recent Supreme Court's discussion of electronic communications. As a result, we conclude that the initial burden required under Venetian Salami was satisfied.
Next we turn to Becker's attempt to contest jurisdiction. Becker did submit an affidavit that contested the factual allegations of the complaint concerning jurisdiction. However, her affidavit was submitted ten days after the trial court ruled on the motion to dismiss. The trial court specifically commented on the lack of supporting affidavits in denying the motion based on the four corners of the complaint.
Whether or not Becker's untimely affidavit challenges the allegations relating to jurisdiction pursuant to Venetian Salami, the affidavit was not filed in a timely manner. The trial court could not properly have considered it and was correct in ruling on the motion based on the four corners of the complaint. As a result, we affirm the decision of the trial court in all respects.
AFFIRMED.
GUNTHER and MAY, JJ., concur.