**ALTERNATE ENERGY CORP., Plaintiff,**

v.

**David REDSTONE, an individual, d/b/a H2FC.Com, Inc., Defendant.**

No. 04–21472–CIVKING.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 2, 2004.

Jonathan D. Leinwand, Esq., Jonathan D. Leinwand, P.A., North Miami, FL, for Plaintiff.

Thomas R. Julin, Esq., D. Patricia Wallace, Esq., Hunton & Williams LLP., Miami, Peter M. Falkenstein, Esq., Jaffe, Raitt, Heuer & Weiss, P.C., Ann Arbor, MI, for Defendant.

## FINAL ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 28, 2004.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is engaged in the development of a process to produce hydrogen for use in fuel cells. Plaintiff is a Nevada corporation with its principal place of business in Ontario, Canada. Defendant publishes an independent internet website that monitors the hydrogen fuel cell industry. Part of Defendant's site is open to the public, but the remainder is available to subscribers only. Defendant sells no merchandise through his website; the site only offers information. Defendant is a resident of Michigan and operates his business in Michigan as well. A small percentage of the subscribers to the restricted portion of Defendant's site are residents of Florida.

On May 26, 2004, Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida. Plaintiff's Complaint alleges claims for libel, slander, defamation, and violations of state law arising out of information published on Defendant's website in March and April of 2004. According to the Complaint, Defendant harmed Plaintiff by publishing negative information concerning Plaintiff's business on the restricted portion of Defendant's website.

On June 21, 2004, Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441. In its current Motion, Defendant argues that this Court should dismiss Plaintiff's case because this Court lacks personal jurisdiction over Defendant. Defendant asserts that he has virtually no ties to the state of Florida. Specifically, Defendant is not and has not ever been a resident of Florida, maintains no offices or bank accounts in Florida, does not own property in Florida, holds no professional licenses in Florida, and has never registered any entities in Florida. (Def.'s Mot. at 2). In its Response, Plaintiff argues that this Court possesses personal jurisdiction over Defendant because Defendant carried on a business in the state of Florida when he sold subscriptions to his website to Florida residents.

### LEGAL STANDARD

■ In order to determine whether personal jurisdiction exists over an out-of-state defendant, a court must conduct a two-pronged analysis. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996). First, the court must assess whether there is jurisdiction under the state's long-arm statute. *Id.* Second, the court must decide whether the defendant has established sufficient minimum contacts with the state, such that the exercise of jurisdiction will satisfy the Fourteenth

---

1. On July 22, 2004, Plaintiff filed its Response. On the same day, Defendant filed its Reply. On July 23, 2004, counsel for both parties appeared before the Court for oral argument on Defendant's Motion.

Amendment's due process requirement by comporting with "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). In the context of this two-pronged analysis, the plaintiff must plead facts that establish the basis for jurisdiction. *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir.2000). If the plaintiff does so, the burden shifts to the defendant to challenge plaintiff's facts through affidavits or other evidence. *Id.* If the defendant meets this burden, the burden reverts to the plaintiff to substantiate the allegations in the complaint with affidavits or other evidence. *Id.*

### A. Florida's Long–Arm Statute

Florida's long-arm statute—Fla. Stat. § 48.193—provides for personal jurisdiction over a nonresident Defendant under two sets of circumstances. The first, contained in Fla. Stat. § 48.193(1), provides for specific personal jurisdiction when a claim arises from the defendant's forum-related contacts. Actions that give rise to specific jurisdiction include carrying on a business in Florida, which confers jurisdiction pursuant to § 48.193(1)(a), and committing a tortious act in Florida, which confers jurisdiction pursuant to § 48.193(1)(b). The second basis for jurisdiction, § 48.193(2), provides for general personal jurisdiction when the defendant's forum-related contacts are sufficiently extensive, even though the case did not arise out of those contacts.

### B. Minimum Contacts

■ Courts must examine three factors to determine whether a defendant has established sufficient minimum contacts with the forum state to comport with the Four-teenth Amendment's due process requirement: (1) whether the defendant has purposefully availed itself of the benefits of doing business in the forum state; (2) whether the cause of action arose out of the activities through which the defendant did so; and (3) whether the defendant could have reasonably anticipated being haled into court in the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Future Tech.,* 218 F.3d at 1250.

■■ In determining whether internet contacts satisfy the above factors, Florida courts have applied the *Zippo* precedent, which holds that engaging in commercial activity over the internet constitutes sufficient minimum contacts to satisfy due process requirements, but merely posting information on the internet does not. *E.g., Miller v. Berman,* 289 F.Supp.2d 1327, 1335 (M.D.Fla.2003) (citing *Zippo Mfg. Co. v. Zippo Dot Comm., Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997)); *Nida Corp. v. Nida,* 118 F.Supp.2d 1223, 1229–30 (M.D.Fla.2000). Moreover, the Fifth Circuit has held that selling subscriptions to view an informational website does not constitute sufficient commercial activity to invoke jurisdiction under *Zippo* for a defamation action, when the cause of actions arises out of information posted on the site. *Revell v. Lidov,* 317 F.3d 467 (5th Cir.2002). The court held that because the cause of action did not arise out of the solicitation of subscriptions, the defendant's solicitation activity could not give rise to jurisdiction. *Id.* at 472.

Courts also have applied the "effects test" to determine whether the publisher of an out-of-state publication is subject to personal jurisdiction in a defamation action in a given state. *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

Personal jurisdiction is proper under the "effects test" only when the defamatory publication was "expressly aimed" at the forum state, which impels the conclusion that the defendant reasonably anticipated being haled into court there. *Id.* at 789, 104 S.Ct. 1482.

## DISCUSSION

■ In the instant case, Plaintiff alleged in its Complaint that personal jurisdiction exists over Defendant pursuant to Fla. Stat. § 48.193(1)(b), which provides for jurisdiction over a defendant who has committed a tortious act within this state, when the cause of action arises out of the tortious act. Plaintiff further argues that Defendant's sale of subscriptions to Florida residents constituted sufficient minimum contacts to satisfy the Fourteenth Amendment's due process requirement. In its current Motion, Defendant argues that § 48.193(1)(b) is inapplicable because Defendant did not commit any tortious act in this state; rather, Defendant committed all the allegedly injurious acts in Michigan. Defendant further argues that he lacks sufficient contacts with the state of Florida to satisfy the Fourteenth Amendment's due process requirement. In its Response, Plaintiff does not dispute Defendant's argument but instead argues that jurisdiction exists pursuant to § 48.193(1)(a), which provides for jurisdiction over a defendant who carries on a business in this state, because Defendant carried on a business in this state when he sold subscriptions to his website to Florida residents.

However, Plaintiff fails to dispute that the sale of a small number of subscriptions to Florida residents constituted Defendant's sole contacts with the state of Flori-

da. Moreover, Plaintiff has failed to supply affidavits or other evidence in support of its contention that personal jurisdiction exists over Defendant. As a result, the Court finds that selling subscriptions to an internet site to an unknown, relatively small number of Florida residents, without more, does not constitute carrying on a business in Florida under § 48.193(1)(a) and does not constitute the commission of a tortious act in Florida under § 48.193(1)(b). Therefore, the Florida Long–Arm Statute fails to confer jurisdiction over Defendant.

■ Even if jurisdiction were proper pursuant to the Florida Long–Arm Statute, Defendant possessed insufficient contacts with the state of Florida to satisfy the Fourteenth Amendment's due process requirement. Defendant merely posted the information at issue on its website, which is insufficient to invoke jurisdiction under the *Zippo* standard. The Court finds that selling subscriptions to the site does not constitute sufficient commercial activity to change the outcome of this case, especially in light of the fact that the alleged harm arose not out of the sale of subscriptions but out of the posted information. Moreover, there is no indication that Defendant "expressly aimed" its publication at the state of Florida. As the undersigned held in *Madera v. Hall,*[2] the mere fact that allegedly libelous statements appeared in a publication sold to Florida residents is not sufficient to give a defendant fair warning that he may be haled into court here. Therefore, the Court finds that Defendant has not purposefully availed himself of the benefits of doing business in this state and could not reasonably have anticipated being haled into court here.

2. 717 F.Supp. 812 (S.D.Fla.1989) (King, J.).

Significantly, Plaintiff fails to cite any authority that supports his position. Plaintiff cites three cases in support of his contention that personal jurisdiction exists in this case. The first is a California district court decision that did not address the Florida Long–Arm Statute—*Batzel v. Smith*, 2001 WL 1893843 (C.D.Cal.2001). Though the *Batzel* court found that the defendant, who also operated a website outside the forum state, possessed sufficient minimum contacts with the state of California, the defendant had substantially more business contacts with California than Defendant has with Florida. *Id.* at *2. His subscribers included many prominent California organizations, he had entered into a corporate sponsorship agreement with a California company, and he had republished several articles from his website in major California newspapers. *Id.*

The other two cases cited by Plaintiff, *Becker v. Hooshmand*, 841 So.2d 561 (Fla. 4th DCA 2003), and *Wendt v. Horowitz*, 822 So.2d 1252 (Fla.2002), involved instances where Florida courts found that personal jurisdiction existed under § 48.193(1)(b). However, the fact that the plaintiffs in both *Becker* and *Wendt* were Florida residents and the defendants had specifically targeted their actions toward the state of Florida factored prominently into the respective courts' determinations that the out-of-state defendants had allegedly committed tortious acts in Florida. *Becker*, 841 So.2d at 563; *Wendt*, 822 So.2d at 1260. Conversely, in the instant case, Plaintiff is an out-of-state resident, and there is no indication that Defendant's actions caused more harm to Plaintiff in Florida than anywhere else.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be, and same is hereby GRANTED. Plaintiff's Complaint is DISMISSED in its entirety. This case is CLOSED.