902 So.2d 844 (2005)
Tiffany S. BOSWELL, an individual shareholder and in her representative capacities as Trustee of the Johnathan R. Boswell Trust UTD July 30, 1993, and Julie C. Boswell Trust UTD July 30, 1993 as shareholders, and Johnathan Boswell, individually as a shareholder, on behalf of ISCO Holding Company, Inc., Appellants,
v.
John J. BOSWELL, individually, James Bradley Boswell, individually, Amie E. Boswell-Dewane, individually, and ISCO Holding Company, Inc., a Missouri corporation and nominal defendant, Appellees.
No. 4D04-2167.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Rehearing Denied June 23, 2005.
*845 Philip M. Burlington of Philip M. Burlington, P.A., and Jeffrey D. Fisher of Fisher & Bendeck, P.A., West Palm Beach, and Steven M. Katzman and Charles M. Bennardini of Katzman, Wasserman & Bennardini, Boca Raton, for appellants.
L. Louis Mrachek, Roy E. Fitzgerald and Alan B. Rose of Page, Mrachek, Fitzgerald & Rose, P.A., West Palm Beach, for appellees James Bradley Boswell and Amie Boswell-Dewane.
KLEIN, J.
This is an appeal from an order dismissing a complaint for lack of personal jurisdictional over two individual non-resident defendants, Brad Boswell and Amy Boswell-Dewane, in a shareholder derivative action, brought on behalf of ISCO Holding Company, Inc.
Plaintiffs allege that these two defendants, who are directors of ISCO, committed torts which caused injury in Florida and are subject to personal jurisdiction under section 48.193(1)(b), Florida Statutes (2004). ISCO, however, which is the injured entity in this shareholder derivative action, Lane v. Head, 566 So.2d 508 (Fla.1990), is incorporated in Missouri, and has its principal place of business in Missouri. The trial court found after an evidentiary hearing that any injury to ISCO would have occurred in Missouri, and accordingly section 48.193(1)(b), would not give Florida long-arm jurisdiction. We agree. Posner v. Essex Ins. Co., 178 F.3d 1209 (11th Cir.1999) (Florida did not have personal jurisdiction in minority shareholder's claim of mismanagement against a Bermuda corporation and its majority shareholder; any injury to Bermuda corporation occurred in the company's principle place of business, Bermuda or Pennsylvania); Int'l Hous., Ltd. v. Rafidain Bank Iraq, 893 F.2d 8, 11 (2d Cir.1989) ("An injury to a corporation occurs in some legally significant situs, for instance, the place of incorporation."); Becker v. Hooshmand, 841 So.2d 561 (Fla. 4th DCA 2003) (a cause of action in tort arises where injury to plaintiff first occurs).
We have considered the plaintiffs' remaining arguments on personal jurisdiction, but find them to be without merit. Affirmed.
POLEN and SHAHOOD, JJ., concur.