[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12328

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01740-CV-ORL-22-KRS

INTERNET SOLUTIONS CORPORATION,

Plaintiff-Appellant,

versus

TABATHA MARSHALL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 10, 2009)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

PER CURIAM:

---

[*] Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Internet Solutions Corporation ("ISC") appeals the district court's dismissal for lack of personal jurisdiction of its claim against Defendant-Appellee Tabatha Marshall involving allegedly defamatory postings on Marshall's website. The district court dismissed the claim because ISC failed to show that Marshall had sufficient contacts with the forum state, Florida, and because exercising personal jurisdiction over the claim would be at odds with due process. Since there is no controlling Florida precedent regarding the application of the state long-arm statute to internet websites, we certify the question to the Florida Supreme Court and defer our decision pending this certification.

## I. BACKGROUND

ISC, a Nevada corporation with its principal place of business in Orlando, Florida, operates a number of internet websites that deal with employment recruiting and internet advertising. Marshall, a Washington resident, owns and operates a website, http://www.tabathamarshall.com, on which she posts information about various consumer-related issues regarding different companies. The site permits third parties to comment on all of Marshall's entries, with these comments appearing on the same webpage as the original post. In August 2007, Marshall put up a post about VeriResume, one of the websites operated by ISC. It appears that contact information for VeriResume and other ISC affiliates also was

2

listed on a separate part of the website.

In November 2007, ISC filed a diversity action against Marshall in the United States District Court for the Middle District of Florida. ISC brought claims of defamation, trade libel, and injurious falsehood, and sought injunctive relief. It also contended that venue was proper in the Middle District because a substantial part of the circumstances which gave rise to its claims occurred in that district. The court had jurisdiction, ISC asserted, because Marshall had entered into Florida to commit a tortious act and reasonably should have known that her statements could have subjected her to litigation in Florida.

Marshall subsequently moved to dismiss the complaint for lack of jurisdiction. She contended that the court had no personal jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193, because she did not have sufficient Florida-related contacts and had not committed a tortious act in that state.[1] She also asserted that the exercise of personal jurisdiction by the court would violate federal due process. As part of this motion, Marshall filed a declaration in which she detailed her lack of contacts with Florida. In this declaration, she stated that she had been a resident of Washington since 2000, owned no property in Florida, had no investments in Florida businesses, held no bank accounts in that state, and

---

[1] She also contended that there was no pendent jurisdiction, but the district court rejected this argument and the issue has not been raised on appeal.

had visited it on only one occasion — a three-day work-related trip in 2004 which was unconnected to her website. She also declared that she received no income for her website, did not sell any products or services through her website, had not solicited or received any business or donations from Florida for her website, and had not sent any business-related communications into Florida tied to her website. In addition, she stated that she never provided on her website any mechanism to identify Florida companies discussed therein.

The district court granted Marshall's motion and dismissed ISC's claim based on lack of personal jurisdiction. The court first found that the exercise of jurisdiction was appropriate under Florida's long-arm statute because ISC had made out a prima facie case for jurisdiction, which Marshall failed to rebut. The court then addressed whether the exercise of jurisdiction would violate federal due process. It determined that Marshall's declaration adequately rebutted ISC's prima facie showing of jurisdiction and that ISC failed to refute Marshall's contention that she did not have the requisite minimum contacts. As a result, the court found that it lacked personal jurisdiction over the claim since Marshall did not have the minimum contacts with Florida that would be necessary to exercise jurisdiction in a manner that would mesh with traditional concepts of fairness and justice. ISC now appeals the district court's dismissal.

4

## II. DISCUSSION

We review a district court's dismissal for lack of personal jurisdiction <u>de novo</u>. <u>See</u> <u>Licciardello v. Lovelady</u>, 544 F.3d 1280, 1283 (11th Cir. 2008). The plaintiff bears the burden of making out a <u>prima</u> <u>facie</u> case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion. <u>See</u> <u>Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino</u>, 447 F.3d 1357, 1360 (11th Cir. 2006). The defendant then must "raise[], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 627 (11th Cir. 1996) (quotation marks omitted). If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." <u>Id.</u> (quotation marks omitted).

We use a two-step inquiry in determining whether the exercise of personal jurisdiction of a non-resident defendant is proper. <u>See</u> <u>Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.</u>, 421 F.3d 1162, 1166 (11th Cir. 2005). First, we examine whether the exercise of jurisdiction would be appropriate under that state's long-arm statute. <u>See</u> <u>id.</u> "Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." <u>Id.</u> (quotation marks and citation omitted). The due process inquiry requires us to determine

5

whether "the defendant ha[s] minimum contacts with the forum state" and if the district court's exercising of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice." Id. (quotation marks and citation omitted).

Florida's long-arm statute permits state courts to exercise jurisdiction over a cause of action arising out of a tortious act committed within Florida. Fla. Stat. § 48.193(1)(b) (2008). For the purposes of the statute, the defendant does not have to be physically present in Florida for the tortious act to occur within that state. See Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). Additionally, a defendant can commit a tortious act within Florida via her "telephonic, electronic, or written communications into Florida" so long as the cause of action arose from those communications. Id.

Marshall thus would be subject to jurisdiction under § 48.193(1)(b) if her allegedly defamatory postings on her website constituted electronic communications "into Florida." The Florida Supreme Court has yet to address whether the posting of information on an out-of-state website about a company with its principal place of business in Florida would meet the statutory requirements for long-arm jurisdiction. Some state appellate courts have indicated that it might. In Becker v. Hooshmand, 841 So. 2d 561, 561–63 (Fla. Dist. Ct.

App. 4 2003), for example, the court concluded that it had jurisdiction regarding a defamation claim against a Pennsylvania resident who posted allegedly defamatory material about a Florida doctor in an internet chat room, even though the comments did not specifically target Florida residents. The Becker court appears to expand on the traditional concept that jurisdiction could only be created if the communications were directed at Florida residents, such as mailing a letter into Florida or making a defamatory telephone call to a Florida resident.[2] See Casita, L.P. v. Maplewood Equity Partners L.P., 960 So. 2d 854, 857 (Fla. Dist. Ct. App. 3 2007) (noting that long-arm jurisdiction is proper when "the communication was made into this state by a person outside the state"). If a court applied the traditional standard, it might not have jurisdiction over Marshall since her statements appeared on a general website and did not specifically target Florida residents.

We conclude that Florida law is unsettled regarding whether Marshall's actions would meet the requirements of § 48.193(1)(b). Since we thus are dealing

---

[2] We note that at least one federal district court seems to disagree with Becker and only find jurisdiction when the website clearly targets Florida. In Whitney Information Network, Inc. v. Xcentric Ventures, LLC, 347 F. Supp. 2d 1242, 1244–45 (M.D. Fla. 2004), the court found jurisdiction proper because the defendants, who ran an Arizona-based consumer protection website, permitted users to request information on companies from any state, including Florida, and offered their assistance in the filing of class action suits against these companies. These activities, the court found, meant that the defendants ran more than just a "passive website" and thus made them subject to the court's jurisdiction. Id. at 1245.

7

with questions of Florida law which are determinative of this case and for which "there are no clear controlling precedents in the decisions of the Supreme Court of [Florida]," we certify the issue to that court. See Fla. Stat. § 25.031; Fla. R. App. P. 9.150(a).

## III. QUESTION CERTIFIED

We respectfully certify the following question to the Supreme Court of Florida for further instruction:

DOES POSTING ALLEGEDLY DEFAMATORY STORIES AND COMMENTS ABOUT A COMPANY WITH ITS PRINCIPAL PLACE OF BUSINESS IN FLORIDA ON A NON-COMMERCIAL WEBSITE OWNED AND OPERATED BY A NONRESIDENT WITH NO OTHER CONNECTIONS TO FLORIDA CONSTITUTE COMMISSION OF A TORTIOUS ACT WITHIN FLORIDA FOR PURPOSES OF FLA. STAT. § 48.193(1)(b)?

Our phrasing of this question should not limit how the Supreme Court analyzes the relevant issues and responds to the question in light of the record in this case. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 284 F.3d 1228, 1234 (11th Cir. 2002). To assist the Supreme Court in considering this issue, we transmit to the court the entire record in this case along with the briefs of the parties.

**QUESTION CERTIFIED**