POLEN, J.
 

 Appellants, Beta Drywall Acquisition, LLC, Beta Drywall, LLC, Stephen Feld-man, individually, and B. Michael Watkins, individually (Beta), brought an action against Appellees, Mintz & Fraade, P.C., Frederick Mintz, individually, and Alan Fraade, individually, for legal malpractice and breach of fiduciary duty. The trial court granted M & F’s motion to dismiss for lack of personal jurisdiction, and we now reverse.
 

 Beta retained Mintz & Fraade, P.C., a New York law firm, and Frederick Mintz and Alan Fraade, lawyers licensed in New York, to perform the necessary legal work for its acquisition of the assets of Beta Drywall, a Florida corporation doing business in Florida. To accomplish this, Mintz and Fraade formed two Florida LLCs: Beta Drywall, LLC, and Beta Acquisition, LLC. All legal work, except for the closing, was performed in New York.
 

 In the underlying action for legal malpractice and breach of fiduciary duty, Beta alleged that Mintz and Fraade negligently failed to formalize a written operating agreement and/or other pre-incorporation document(s), executed by and among the members of Beta Acquisition prior to or contemporaneously with the filing of the Beta Acquisition Articles, which memorialized the rights, duties and liabilities of the managing members of Beta Acquisition. This failure, according to Beta, ultimately caused a dispute among its members which then resulted in a derivative action by one member against the other two. Beta settled the derivative action for $750,000.
 

 The standard of review of an order granting a motion to dismiss for lack of personal jurisdiction is
 
 de novo. Wendt v. Horowitz,
 
 822 So.2d 1252 (Fla.2002). To evaluate personal jurisdiction, a court must engage in a two-part analysis.
 
 Renaissance Health Publishing, LLC v. Resveratrol Partners,
 
 982 So.2d 739, 741 (Fla. 4th DCA 2008)(citing
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989)). First, the court must determine that the facts of the underlying action bring it within the ambit of the Florida long arm statute.
 
 Id.
 
 Second, the court must determine whether the defendant has sufficient “minimum contacts” with Florida such that due process requirements are satisfied.
 
 Id.
 
 Due process is satisfied where the foreign
 
 *653
 
 defendant would reasonably anticipate being haled into court in Florida.
 
 Doe v. Thompson,
 
 620 So.2d 1004, 1005 (Fla.1993). Both prongs must be satisfied for a Florida court to properly exercise personal jurisdiction.
 
 Renaissance Health,
 
 982 So.2d at 741.
 

 Mintz and Fraade’s actions which gave rise to Beta’s malpractice and breach of fiduciary claims are within the scope of section 48.193(l)(b)
 
 [1]
 
 , Florida Statutes, which provides for personal jurisdiction over a foreign entity which has committed a tortious act within Florida.
 

 In
 
 Becker v. Hooshmand,
 
 841 So.2d 561 (Fla. 4th DCA 2003) this court discussed section 48.193(l)(b), and explained several principles which inform a court’s determination that a defendant’s actions bring it within this provision of the long arm statute: (1) a cause of action for tort accrues wherever plaintiff suffers damage to his property; (2) in order to commit a tortious act in Florida, a defendant’s physical presence is not required; (3) a foreign defendant can commit a tort within Florida via its electronic, telephonic, or written communications into the state so long as the cause of action arises from those communications; (4) a defendant need not commit a physical tort within Florida in order to be brought within the ambit of the long-arm statute. 841 So.2d at 562.
 

 Under
 
 Becker,
 
 the tort of legal malpractice in the instant case accrued in Florida where Beta, a Florida corporation, alleges it suffered $750,000 in damages as a direct result of Mintz and Fraade’s negligence. Though Mintz and Fraade performed most of the necessary legal services from a New York office, they caused allegedly faulty
 

 Mintz and Fraade also have sufficient minimum contacts with Florida to satisfy the due process requirement. This prong is satisfied “if the defendant purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state.”
 
 Achievers Unlimited, Inc. v. Nutri Herb, Inc.,
 
 710 So.2d 716, 719 (Fla. 4th DCA 1998). Mintz and Fraade performed the necessary legal work for the formation of two Florida LLCs created for the purpose of acquiring the assets of an existing Florida corporation. Beta claims Mintz and Fraade were negligent in their performance, and thus, that they are liable for legal malpractice and breach of fiduciary duty. Beta’s claims arise from the activity Mintz and Fraade directed into the state of Florida. A reasonable person having conducted the activities conducted by Mintz and Fraade in the present case would reasonably foresee being haled into court in Florida should an issue regarding the very formation of Beta arise.
 

 Acquisition Articles to be filed in Florida which caused injury to Beta. Thus, Mintz and Fraade committed a tortious act in Florida within the meaning of section 48.193(l)(b), Florida Statutes, and their actions are within the ambit of the long-arm statute.
 

 Reversed and remanded.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
 

 [[Image here]]
 

 (b) Committing a tortious act within this state.