POLEN, J.
 

 Margery Golant appeals the trial court’s order granting the German Shepherd Dog Club of America, Inc. (“the Club”)’s motion to dismiss for a lack of personal jurisdiction. We reverse.
 

 The Club is a not-for-profit corporation organized and existing under the laws of the State of New York. Along with several other related objectives, the Club bylaws state that the Club exists to “encourage, promote, and improve the breeding of quality purebred German Shepherd Dogs, to educate the fancy, and to do all possible to bring the natural qualities of the German Shepherd Dog to perfection.” The Club’s management is vested in the Club’s Board of Directors (“Board”), which consists of nineteen individuals.
 

 Although the Club has thousands of members who are domiciled throughout the United States and several foreign countries, Florida represents the second largest state of Club membership. There are approximately 150 to 170 Club members who reside in Florida. Florida is the state with the greatest number of Board members, with three of the nineteen members residing in Florida. The Club collects dues from and communicates with its Florida members. Additionally, the Club sponsors and collects fees from regional member clubs in Florida. The Club publishes a monthly magazine that contains paid advertising and which is mailed to the Club members in Florida. In 2003, the Club held a dog show and several Club meetings in Florida. Although the Club is incorporated in New York, the Club maintains no physical office there and has no address there; nor does the Club have a physical office anywhere. The Club necessarily transacts business through the actions of its Board, the members of which are spread throughout the United States.
 

 Golant is a resident of Broward County, Florida. Golant served as Recording Secretary, which is a Board position, from January 2004 until her removal from office on August 19, 2007. She conducted Club business from her home in Florida, and received no payment for her work as Recording Secretary. In her position, Golant communicated with other Club officers and directors by post, email, and telephone. Golant claims that her home was a
 
 de facto
 
 office of the Club because she created, sent, received, and maintained Club minutes in her home, and because she attended telephonic Club meetings and communicated with the Club from her home.
 

 Golant’s underlying lawsuit was filed in response to a Club-conducted telephonic
 
 *62
 
 “trial” that arose from Golant’s alleged “misconduct and dereliction of duty” in her Club office. Golant alleges that she attended the meeting from her Florida home, as did other Board members who reside in Florida. Golant alleges that her removal from office was not authorized by the laws of New York or by the Club bylaws. Golant filed a complaint in Bro-ward County naming the Club and five Board members as defendants. Only four of the seven counts are alleged as to the Club: malicious use of process, defamation and libel, conspiracy to defame, and declaratory relief to determine that Golant remains Recording Secretary of the Club. The trial court granted the individual board members’ motion to dismiss, listing lack of jurisdiction and venue as grounds, and we affirmed
 
 per curiam. Golant v. Bunch,
 
 994 So.2d 318 (Fla. 4th DCA 2008). The trial court granted the Club’s motion to dismiss for lack of personal jurisdiction on the grounds that no connexity or substantial activity in the State was shown and that an alleged defamatory email was not defamatory on its face. The trial court, however, did not enter judgment for or against a party.
 

 Golant appealed the trial court’s order dismissing the Club, the last remaining defendant. However, because the trial court’s order only granted the motion to dismiss and did not enter judgment for or against a party, Golant’s appeal was of a non-appealable, non-final order.
 
 See Rust v. Brown,
 
 13 So.3d 1105, 1106 (Fla. 4th DCA 2009);
 
 Dobrick v. Discovery Cruises, Inc.,
 
 581 So.2d 645, 646 (Fla. 4th DCA 1991). We issued a ‘Dobrick’ order granting Golant thirty days to obtain a final judgment, which Golant obtained, thus making the appeal ripe for review.
 

 A trial court’s ruling on a motion to dismiss for lack of personal jurisdiction is reviewed de novo.
 
 Wendt v. Horowitz,
 
 822 So.2d 1252, 1256 (Fla.2002);
 
 Beta Drywall Acquisition, LLC v. Mintz & Fraade, P.C.,
 
 9 So.3d 651, 652 (Fla. 4th DCA 2009).
 

 Golant claims that the trial court has jurisdiction over the Club based on multiple grounds specified in the Florida long arm statute.
 
 See
 
 § 48.193, Fla. Stat. (2007). We address Golant’s jurisdictional claim under section 48.193(l)(a) only. The long arm statute grants jurisdiction “for any cause of action arising from ... [o]p-erating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.” §§ 48.193(1), (l)(a), Fla. Stat. (2007).
 

 As used in the long arm statute, “[t]he term ‘aidsing from’ is broad; it does not mean ‘proximately caused by,’ but only requires a direct affiliation, nexus, or substantial connection to exist between the basis for the cause of action and the business activity.”
 
 Citicorp Ins. Brokers (Marine), Ltd. v. Charman,
 
 635 So.2d 79, 82 (Fla. 1st DCA 1994) (quotations omitted);
 
 see also Am. Fin. Trading Corp. v. Bauer,
 
 828 So.2d 1071, 1074-75 (Fla. 4th DCA 2002) (citing
 
 Citicorp
 
 for the same proposition).
 

 A two-part analysis is used to evaluate personal jurisdiction.
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989);
 
 Renaissance Health Publ’g, LLC v. Resveratrol Partners, LLC,
 
 982 So.2d 739, 741 (Fla. 4th DCA 2008). First, a court must determine that the facts of the underlying action bring the action within the ambit of the Florida long arm statute.
 
 Venetian Salami,
 
 554 So.2d at 502. Second, a court must determine whether the defendant has sufficient “minimum contacts” with Florida such that due process requirements are satisfied.
 
 Id.
 
 Due process is satisfied if the foreign defendant would reasonably anticipate being
 
 *63
 
 haled into court in Florida.
 
 Beta Drywall,
 
 9 So.3d at 652-53 (citing
 
 Doe v. Thompson,
 
 620 So.2d 1004, 1005 (Fla.1993)). To establish personal jurisdiction, both prongs of
 
 Venetian Salami
 
 must be satisfied.
 
 Beta Drywall,
 
 9 So.3d at 653.
 

 We conclude that Golant’s allegations are sufficient to satisfy both prongs of the
 
 Venetian Salami
 
 test with respect to section 48.193(l)(a), which confers long arm jurisdiction over a defendant for actions arising from “[Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.” To invoke long arm jurisdiction under section 48.193(l)(a), the activities of the corporation “must be considered collectively and show a general course of business activity in the State for pecuniary benefit.”
 
 Dinsmore v. Martin Blumenthal Assocs., Inc.,
 
 314 So.2d 561, 564 (Fla.1975); see
 
 also Citicorp,
 
 635 So.2d at 81.
 

 Golant’s allegations are sufficient to satisfy the first prong of the
 
 Venetian Salami
 
 test and bring her action within the ambit of the Florida long arm statute.
 
 See
 
 554 So.2d at 502. Given that the Club maintains no physical office and that Club business is conducted largely, if not exclusively, from the homes of its Board members, we find persuasive Golant’s argument that her home was a
 
 de facto
 
 office of the Club; thus, section 48.193(l)(a) jurisdiction is proper for “having an office ... in this state.” Furthermore, Golant’s lawsuit satisfies the connexity requirements of the long arm statute: Golant’s alleged misconduct in her Club office gave rise to her removal from office and the resulting lawsuit.
 

 The second prong of the
 
 Venetian Salami
 
 test is also met. Given the Club’s sufficient minimum contacts with Florida, the Club should reasonably anticipate being haled into court in Florida, and thus due process is satisfied.
 
 See Beta Drywall,
 
 9 So.3d a niary benefit from its business activity when it receives dues from its Florida members and receives fees from its associated member clubs in Florida. The Club has reached out to Florida in the past, holding a dog show and multiple Club meetings in Florida. Additionally, the Club receives advertising revenue from its monthly magazine, which is mailed to the Club members in Florida. This activity, when considered collectively, shows a “general course of business activity in the State for pécuniary benefit.”
 
 See Dins
 
 more, 314 So.2d at 564. Furthermore, Go-lant provides a pecuniary benefit to the Club by serving as Recording Secretary in an unpaid capacity.
 

 Accordingly, the two prongs of the
 
 Venetian Salami
 
 test are satisfied. The trial court erred when it dismissed Golant’s complaint against the Club for a lack of personal jurisdiction. Because we conclude that personal jurisdiction is proper under subsection (l)(a) of the long arm statute, we need not address Golant’s claims regarding jurisdiction under subsection (l)(b) or section (2) of the long arm statute.
 

 Reversed and remanded.
 

 MAY and GERBER, JJ., concur'.