[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16837
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00235-WTH-PRL


ROBERT F. DUGAN,

                                                         Plaintiff-Appellant,

versus

TAMYRA JARVIS,
Warden (or former Warden) FCC Coleman USP 1, et al.,

                                                         Defendants,

FNU SCOTT,
Lieutenant, FCC Coleman USP 1,
FNU FIGUEROA,
Lieutenant, FCC Coleman USP 1,
FNU KAJANDER, Lieutenant, FCC Coleman USP 1,
U. VARGAS,
Assistant Health Service Administrator, FCC Coleman USP 1,
APRIL LOPES,
Health Information Technician, FCC Coleman USP 1, et al.,

                                                         Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 15, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Robert Dugan, a federal prisoner proceeding pro se,[1] appeals the

district court's partial grant of summary judgment in this civil action filed pursuant

to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.

388 (1971).  No reversible error has been shown; we affirm.

Briefly stated, Plaintiff contends that prison officials and staff members

retaliated unlawfully against him for filing an earlier civil rights complaint, for

filing administrative grievances, and for assisting other inmates with the filing of

lawsuits and grievances.  Pertinent to this appeal,[2] the district court granted

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] The district court -- pursuant to Fed. R. Civ. P. 54(b) -- certified for immediate appeal only Plaintiff's claims against Defendants Jarvis, Pastrana, Travis, Watts, Officer J. Martin and Unit Manager Tammy Padgett.  For purposes of this interlocutory appeal, we will consider no claims

summary judgment in favor of (1) Warden Tamyra Jarvis, (2) Warden Jorge Pastrana, (3) Dr. Janet Travis, a prison dentist, and (4) Harrell Watts, the National Inmate Appeals Administrator at the Department of Justice ("DOJ") in Washington, D.C.

We review de novo the district court's grant of summary judgment. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189 (11th Cir. 2010). Summary judgment is appropriate only when the record shows that no genuine issue exists on any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

---

outside the scope of the district court's Rule 54(b) certification, including Plaintiff's claims against Defendants Scott, Figueroa, Kajander, Vargas, Lopes, and Dole, and Plaintiff's arguments about his discovery motions and consolidation. For background see Edwards v. Prime, Inc., 602 F.3d 1276, 1288 (11th Cir. 2010). Moreover, because Plaintiff raises no substantive argument challenging the grant of summary judgment in favor of Defendants Martin and Padgett, those claims are not properly before us on appeal. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

3

I.

Plaintiff first challenges the district court's grant of summary judgment in favor of Wardens Pastrana and Jarvis on Plaintiff's First Amendment claims. About the Wardens' personal conduct, Plaintiff alleged in his complaint that (1) Warden Pastrana "failed to adequately or timely" respond to Plaintiff's administrative grievance about the blocking of his email messages to a news reporter; and (2) Warden Jarvis "failed to adequately or timely" respond to Plaintiff's administrative grievance about the delay in access to his medical records.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (in the context of a 42 U.S.C. § 1983 suit). To prove a First Amendment retaliation claim, an inmate must prove three elements: (1) his speech was constitutionally protected, (2) he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and (3) a causal relationship between the protected speech and the retaliatory action. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). An inmate exercises his First Amendment rights when he complains to prison administrators about the conditions of his confinement. Id. In determining whether a causal connection

4

exists, we "ask[] whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." Id. at 1278.

We agree with the district court's determination that Plaintiff failed to satisfy the second and third elements. First, Plaintiff has failed to show that Warden Pastrana and Jarvis's responses to his administrative grievances were either inadequate or untimely. The record undebatably shows that Warden Pastrana responded to Plaintiff's grievance about his outgoing emails within 12 days of receipt: well within the 20-day response time allowed by the Bureau of Prison Administrative Remedy Program. See 28 U.S.C. § 542.18 (providing that wardens must respond to administrative grievances within 20 calendar days). In his response, Warden Pastrana directed Plaintiff to the prison's policy about the use of the inmate computer system, which contained further explanation about the reasons why an outgoing inmate email may be rejected. Likewise, Warden Jarvis responded within 10 days of receiving Plaintiff's grievance about access to his medical records and explained in detail the status of Plaintiff's records request, including that Plaintiff had already been instructed (and had failed) to submit payment based on the volume of records requested. That Plaintiff was dissatisfied with these responses does not render them "inadequate."

Even to the extent that Wardens Pastrana and Jarvis's responses might be characterized as "adverse action," we are unpersuaded that such responses are likely to deter a person of ordinary firmness from filing additional grievances. Moreover, nothing evidences that Wardens Pastrana and Jarvis's responses to Plaintiff's grievances -- which were filed in accordance with established procedures for handling administrative complaints and which were consistent with prison policy -- were motivated subjectively by Plaintiff's filing of an earlier lawsuit or administrative complaints. The district court committed no error in granting summary judgment in favor of Wardens Pastrana and Jarvis.

II.

Plaintiff next challenges the district court's determination that Dr. Travis, the prison dentist, was entitled to absolute immunity. Plaintiff contends that Dr. Travis assaulted and battered him, injected him with drugs and narcotics with a hypodermic syringe "which she stabbed into [his] mouth and gums repeatedly," drilled on his teeth, performed "superficial 'cosmetic' dental work" without his consent, and mocked him when he complained that she had drilled on the wrong teeth.

6

At the time of the alleged incident, Dr. Travis was commissioned as an officer with the United States Public Health Service ("PHS") and was performing dental work within the scope of her employment.  The Supreme Court has said expressly that -- pursuant to 42 U.S.C. § 233(a) -- "PHS officers and employees are not personally subject to Bivens actions for harms arising out of" the performance of medical functions while acting within the scope of employment.  Hui v. Castaneda, 559 U.S. 799, 802 (2010).  Because Plaintiff's Bivens claim was precluded by section 233(a), the district court dismissed properly Plaintiff's claim against Dr. Travis.

## III.

We next address the district court's dismissal of Defendant Watts for lack of personal jurisdiction, a decision that we review de novo.  See Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009).

After a defendant raises a challenge to personal jurisdiction, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." Id.  We use a two-part test in determining whether the district court exercised properly personal jurisdiction over a nonresident defendant.  Lockard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir. 1998).  First, we examine whether the exercise

of personal jurisdiction would be appropriate under the forum state's long-arm statute. Id. If so, we then determine whether sufficient minimum contacts exist between the forum state and the non-resident defendant to satisfy the notions of fair play and substantial justice under the Fourteenth Amendment's Due Process Clause. Id.

The parties do not dispute that Defendant Watts is a non-resident of Florida. About Defendant Watts's contact with Florida, Plaintiff alleges only that Watts received -- in Washington, D.C. -- two administrative grievances sent from Florida by Plaintiff. This evidence is insufficient to show either that Defendant Watts had significant, purposeful contacts with Florida about the subject of this lawsuit or that Watts had systematic and continuous general contacts with Florida. For background, see Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000) (discussing the nature and quality of minimum contacts necessary to support both specific and general jurisdiction over a non-resident defendant). Moreover, that Defendant Watts is a government officer is not, in and of itself, sufficient to establish personal jurisdiction in Florida's federal district courts. See Stafford v. Briggs, 444 U.S. 527, 544-45 (1980). The district court dismissed properly Defendant Watts for lack of personal jurisdiction.

AFFIRMED.

8